**David FIELDS, Plaintiff,**

v.

**Gerald GANDER, etc., Defendant.**

**No. N83–55C.**

United States District Court,
E.D. Missouri, N.D.

Aug. 12, 1983.

Rory Ellinger, Legal Services of Northeast Missouri, Hannibal, Mo., Michael L. Lyons, St. Charles, Mo., for plaintiff.

David Fields, pro se.

Carl D. Kraft, Evans & Dixon, St. Louis, Mo., Steven E. Raymond, Pros. Atty., Shelbyville, Mo., for defendant.

### MEMORANDUM AND ORDER

REGAN, District Judge.

Before the Court are motions (1) of plaintiff for an order pursuant to Rule 23 that this action be maintained and certified as a class action, and (2) of defendant to dismiss or for summary judgment.

In November, 1982, plaintiff received a one year sentence for second degree burglary and stealing. Two months later, on January 13, 1983, plaintiff was confined in the Shelby County Jail where he remained until May 31, 1983 when he was transferred to another jail. On the day he was transferred, this suit against the Sheriff of Shelby County was filed seeking declaratory, injunctive and monetary relief on allegations relating to the conditions of his confinement. Plaintiff is now on parole.

Although this suit was filed by plaintiff in his individual capacity alone and was not instituted by him as a representative of a class, the complaint contains allegations relating to his desire to maintain a class action. However, it was not until almost two months later that he filed a motion that this action be maintained as a class action. The "class" is alleged to consist of all persons who are confined or who will be confined at the Shelby County Jail either being detained while awaiting trial or following conviction of offenses against the State of Missouri. Initially we note that plaintiff is not a pretrial detainee. In effect, plaintiff is now (long after he ceased to be affected by any of the matters complained of) seeking to join himself as a representative of a class. Rule 23(c) provides for the determination now sought by plaintiff only if the action is brought as a class action. This suit was not so brought.

We add that the class action claim purporting to be alleged in the body of the complaint is grounded on conditions of confinement alleged to be violative of the Eighth Amendment prohibition against cruel and unusual punishment. However, it is clear to us, after sifting through the generalities of the complaint (drafted by counsel), in light of the affidavits submitted by the parties, that the physical and other conditions in this rural jail located in the county courthouse, although undesirable, are not such as to be intolerable or punitive in nature.

■ In our judgment, plaintiff is not presently a member of the class of persons confined or to be confined in the Shelby County Jail and was not such on the day this suit was instituted. A class action may be maintained only by a member of the class and then only upon a finding that he will fairly and adequately protect the interest of the class he seeks to represent. No such situation is here present.

Accordingly, for all the foregoing reasons, plaintiff's motion for an order that this action be maintained as a class action is hereby DENIED.

■ We turn next to plaintiff's individual claim. He complains of the seepage of water into the jail after "large" rainstorms, as well as the existence of exposed wiring. As to the water seepage, defendant's uncontroverted affidavit demonstrates not only that much work has been done to eliminate the problem but that no inmate is or was kept or confined in the area in which such seepage occurred. As for the exposed wiring, plaintiff makes no contention that this condition existed in areas in which he was housed. And defendant's affidavit makes it clear not only that no wires were exposed except in an area under construction, but that even in that area, any exposed wiring is out of the inmates' reach.

■ Plaintiff also complains that he "was allowed outside recreation and exercise exactly twice in three months, plus one weekend furlough."[1] We note that the furlough (to visit plaintiff's ill grandmother) preced-

---

1. We do not, of course, take into consideration a number of affidavits (by other inmates) which, if credited, completely disproves this allegation.

ed plaintiff's transfer from the jail by just two days. In addition, plaintiff has not controverted defendant's affidavit that plaintiff was allowed "unfettered access to the Courthouse Square as a trustee from April 30, 1983 to May 31, 1983", the day he was transferred. No constitutional violation appears.

Plaintiff's principal claim pertains to defendant's alleged failure to secure sufficiently prompt treatment in May, 1983 for an infected tooth. Admittedly, plaintiff was taken to the dentist in February, 1983, at which time two teeth were extracted. In his complaint plaintiff alleges that "on or about May 1, 1983", plaintiff "indicated" to defendant that he had a painful infected tooth and that "three weeks went by" before treatment was received. In his affidavit, plaintiff repeats the "three week" allegation.

Defendant's affidavit states that on May 9, 1983, plaintiff requested dental treatment and that an appointment for May 11, 1983 was made which plaintiff refused to keep. Another appointment was made for May 13, 1983, and on that occasion an infected tooth was removed. The dentist's affidavit corroborates the May 11 appointment and plaintiff's failure to keep it. It also corroborates the fact that plaintiff's tooth was extracted by him on May 13, 1983. Neither affidavit is controverted. And it is obvious that plaintiff's assertion of a three weeks' wait for treatment is inconsistent even with his allegation that his tooth problem was called to defendant's attention "on or about May 1, 1983." Under the foregoing facts, there is no basis for a finding of deliberate indifference posing a risk to plaintiff's health of a character violative of the Eighth Amendment.

Although we question whether plaintiff has sufficiently stated a claim for relief (which could only be monetary, inasmuch as there is no possible basis for declaratory or injunctive relief), we are convinced on the totality of the pleadings and affidavits that there is no genuine issue as to the material facts which demonstrate that defendant has not violated any constitutional right of plaintiff. Accordingly, defendant's motion for summary judgment is hereby sustained. Judgment will be entered dismissing this action.