734 F.2d 1313
 David FIELDS, Appellant,
v.
Gerald GANDER, individually and in his official capacity as
Sheriff of Shelby County, Missouri and his agents,
subordinates and employees, Appellee.
 No. 83-2360.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 16, 1984.
Decided May 23, 1984.
 
 Evans & Dixon, Carl D. Kraft, St. Louis, Mo., Steven E. Raymond, Pros. Atty., Shelbyville, Mo., for appellee.
 Michael L. Lyons, St. Charles, Mo., Rory Ellinger, Hannibal, Mo., for appellant.
 Before HEANEY, BRIGHT and ARNOLD, Circuit Judges.
 HEANEY, Circuit Judge.
 
 
 1
 David Fields filed the present action under 42 U.S.C. Sec. 1983 (Supp.V.1981), alleging unconstitutional conditions and treatment at the Shelby County Jail in the State of Missouri. The district court denied Fields' request for class certification and dismissed his individual claims on Shelby County Sheriff Gerald Gander's motion for summary judgment. Fields v. Gander, 572 F.Supp. 63 (E.D.Mo.1983). Fields appeals insofar as the court dismissed his claim for monetary relief from Gander for wantonly delaying dental care for Fields while in Gander's custody, allegedly in violation of the Eighth Amendment to the United States Constitution. Because there remain genuine issues of material fact regarding the constitutionality of Gander's treatment of Fields, we reverse.
 
 
 2
 Fields was confined in the Shelby County Jail from January 13, 1983, until May 31, 1983, serving part of a one-year sentence for second degree burglary under Missouri law. In February of that year, Gander had Fields taken to a dentist to have two teeth extracted. Fields alleges that on or about May 1, 1983, he began experiencing severe pain because of another infected tooth. He claims that he informed Gander of this pain but was allegedly told that he would receive no further dental care until he arranged payment for his earlier dental services. A dental appointment was made for Fields for May 11, 1983, but the appointment was not kept. Gander arranged another appointment at the dentist for Fields for May 13, 1983. That appointment was kept, and Dr. W.A. Russell extracted another of Fields' teeth on that day.
 
 
 3
 Fields alleged in his complaint that Gander knowingly allowed him to experience extreme pain from the infected tooth for about three weeks before providing him with adequate dental care. Gander denied the allegations and moved for summary judgment. With this motion, Gander filed an affidavit stating that he first learned of Fields' additional dental problems on May 9, 1983; that an appointment was timely made at the dentist for Fields for May 11, 1983; that Fields refused to keep that appointment; and that the second appointment for May 13, 1983, was made soon after that refusal. Fields submitted an affidavit in opposition to Gander's motion on July 22, 1983, asserting:
 
 
 4
 I admit I was taken to the dentist sometime in February. However, soon thereafter another tooth started to hurt. My face swelled up. I could not sleep. I repeatedly asked to go back to the dentist. I was told by the Sheriff the bill from the previous visit was not paid and I would not go back to the dentist unless I paid for the first bill. I was in pain for at least three weeks. The Sheriff knew I was in pain because my face was swollen. They only let me have aspirin to help with the pain and then only a very few each day. The Sheriff said my wife could use her welfare money to pay for the dentist. I told him the welfare money was for my babies and the welfare will not let you use it for anything else. I had no money. I just had to sit there for three weeks and suffer.
 
 
 5
 The district court granted Gander's motion for summary judgment on August 12, 1983. Fields v. Gander, supra, 572 F.Supp. at 65.
 
 
 6
 Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). On a motion for summary judgment, the facts and inferences which may be derived therefrom must be viewed in a light most favorable to the nonmoving party, and the burden is on the movant to establish that no genuine issue of material fact remains and that the case may be decided as a matter of law. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). Under this standard, the district court should have given credit to the allegations in Fields' complaint and his sworn statement that Gander knew of his pain for several weeks but denied him dental care in an attempt to compel payment of his earlier dental bill. The district court instead discounted Fields' version of the facts because his assertion of a three-week delay was not consistent with his allegation that the infected tooth first started hurting "on or about May 1, 1983," and he never directly contradicted the affidavits filed in support of Gander's motion. Fields v. Gander, supra, 572 F.Supp. at 65.
 
 
 7
 We think the court adopted too strict an interpretation of Fields' complaint and affidavit. Fields' allegation that his pain began on or about May 1 can be read to mean the problem started in late April or early May, which is entirely consistent with his statement that treatment was delayed for three weeks. Reading Fields' complaint in conjunction with his affidavit of July 22, 1983, Fields also explicitly claimed that Gander knew of his pain for that three-week period. His complaint simply states that "[o]n or about May 1, 1983, Plaintiff [Fields] indicated to the Defendant [Gander] * * * that he had a severely infected tooth causing extreme pain." He reinforced this claim in the July 22 affidavit, stating that Gander could verify his complaints by the swelling in his face and that Gander's motive for delaying his treatment was to compel payment of his earlier dental bill.[1] Of course, Gander denies Fields' claims regarding notice of Fields' pain and delay in treatment, but this only highlights the genuine dispute between the parties on the facts.
 
 
 8
 We also find that these facts in dispute are indeed material. The eighth amendment proscribes the infliction of "cruel and unusual punishments," and the Supreme Court has interpreted the amendment to protect against "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Fields claims that Gander knew of the pain he was suffering during late April or early May of 1983, observed swelling in Fields' face, and still refused to provide dental care for him for up to three weeks. In our view, Fields' allegations could support a finding of an eighth amendment deprivation in violation of section 1983. See Wellman v. Faulkner, 715 F.2d 269, 273-274 (7th Cir.1983), cert. filed, 52 U.S.L.W. 3400 (November 7, 1983). Cf. Byrd v. Wilson, 701 F.2d 592, 593-595 (6th Cir.1983) (per curiam) (improper attention to a prisoner's stomach and liver problems is sufficient to state a claim of cruel and unusual punishment); Kelsey v. Ewing, 652 F.2d 4, 5-6 (8th Cir.1981) (prison physician's inaction on a prisoner's complaints of various medical problems may support an eighth amendment claim). Fields should be given the chance to now substantiate those allegations with evidence establishing the severity of his pain, the frequency of his complaints, the extent of Gander's knowledge of the situation, and the speed of Gander's reaction to it.
 
 
 9
 For these reasons, we reverse the district court's grant of summary judgment to Gander, and remand for further proceedings consistent with this opinion.
 
 
 
 [1]
 Gander objects to Fields' submission of supplemental affidavits to support his claim after the district court's grant of summary judgment. The district court gave no weight to these supplemental affidavits in denying Fields' motion to reconsider and vacate the judgment, and we have not considered them in our decision on this appeal