785 F.2d 307
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EALIE BEAUCHAMP, Plaintiff-Appellant,
v.
DR. SAM LOVE, Defendant-Appellee.
 84-5934
 United States Court of Appeals, Sixth Circuit.
 1/9/86
 ORDER
 
 1
 Before: LIVELY, Chief Judge; WELLFORD, Circuit Judge; and, PORTER, Senior District Judge.*
 
 
 2
 The plaintiff appeals the directed verdict entered in favor of the defendant in his prisoner civil rights action. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The plaintiff brought this action against the defendant dentist asserting the latter's failure to pull an aching tooth constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. The record shows the plaintiff was an inmate at the Cockrill Bend Prison from March 17 to May 25, 1982, during which time he developed a toothache. He requested a dental appointment with the defendant to have the tooth pulled. At the first appointment, the occasion of a routine examination, the defendant suggested the tooth could be saved and recommended x-rays be taken when equipment was available. The plaintiff agreed to that course of treatment and the x-rays were made sometime in April, 1982. Thereafter, the pain from the tooth became more frequent and the plaintiff again sought a dental appointment. Nothing was done, however, prior to the plaintiff's transfer in May to another prison where the tooth was pulled three weeks after his transfer, but only after an absess had been treated.
 
 
 4
 Following the presentation of the plaintiff's evidence at trial, the district court entered a directed verdict for the defendant. The district court did not enter reasons for his action, the necessary practice in such cases, see Bellamy v. Bradley, 729 F.2d 416, 418 (6th Cir.), cert. denied, 105 S.Ct. 156 (1984), for effective review. The district court merely concluded that plaintiff failed to prove a deliberate indifference to a serious medical need.
 
 
 5
 In order to establish a violation of the Eighth Amendment as it relates to medical care, a prisoner must allege 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.' Estelle v. Gamble, 429 U.S. 97, 106 (1976); See Fields v. Gander, 734 F.2d 1313 (8th Cir. 1984). No cause of action lies where the prisoner merely disputes the type or amount of medical or dental care to be afforded. See Williams v. Duckworth, 598 F. Supp. 9, 13-15 (N.D. Ind. 1983), aff'd without opinion, 749 F.2d 34 (7th Cir. 1984).
 
 
 6
 Since the district court did not discuss the facts under the appropriate standards, we remand for the district court succinctly to set out the basis for the directed verdict.[1]
 
 
 7
 It is ORDERED that the judgment be vacated and the case be remanded for appropriate findings and conclusions.
 
 
 
 *
 The Honorable David S. Porter, Senior District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Neither party had filed with the Joint Appendix any rationale for the directed verdict expressed by the district judge