878 F.2d 380
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John B. VESTER, Plaintiff-Appellant,
v.
Edward MURRAY, Director, Robert Fry, Chief Physician, Dr.
Welch, Medical Administrator, W.P. Rogers, Warden,
Fred Jordan, Regional Administrator, Dr.
Harland, Dr. Harmon,
Defendants-Appellees.
 No. 88-7564.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 27, 1988.
Decided June 21, 1989.
 
 John B. Vester, appellant pro se.
 Richard Francis Gorman, III, Office of the Attorney General of Virginia, Mary Moffett Hutcheson Priddy, McGuire, Woods, Battle & Boothe, for appellees.
 Before WIDENER, K.K. HALL, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 John B. Vester, a Virginia inmate incarcerated at the Powhatan Correctional Center, filed this suit pro se pursuant to 42 U.S.C. Sec. 1983, alleging inadequate dental care at the prison. He originally attempted to file the suit as a class action on behalf of himself and twelve other inmates at Powhatan, naming as defendants prison officials and medical personnel at the facility, and asserting that the defendants had violated the eighth amendment's proscription against cruel and unusual punishment. After denying class certification, the district court granted motions for summary judgment and for attorney's fees filed by the defendants. We affirm the judgment for the defendants, but vacate the award of attorney's fees.
 
 
 2
 Although the "unnecessary and wanton infliction of pain," Estelle v. Gamble, 429 U.S. 97, 104 (1976), and actions which result in the unnecessary loss of teeth would state a cause of action under Sec. 1983, Vester's complaint failed to state such a claim. Cf. Fields v. Gander, 734 F.2d 1313 (8th Cir.1984) (unjustified three-week delay in providing dental care to alleviate extreme pain stated eighth amendment claim); Ramos v. Lamm, 639 F.2d 559, 574-78 (10th Cir.1980) (court upheld district court's conclusion that grossly inadequate medical and dental care violated eighth amendment), cert. denied, 450 U.S. 1041 (1981). The record contains no evidence indicating that the defendants were deliberately indifferent to any serious dental need manifested by Vester. Therefore, the district court properly granted summary judgment for the defendants. Although the district court's reliance on West v. Atkins, 815 F.2d 993 (4th Cir.1987), rev'd, 56 U.S.L.W. 4664 (U.S. June 20, 1988) (No. 87-5096), was misplaced in light of the Supreme Court's reversal of West, the instant case need not be remanded because the district court's alternative holdings, that Vester's dental needs were not shown to have been "serious," and that he received "substantial and adequate care for his dental problems," are substantiated by the record.
 
 
 3
 The district court's award of attorney's fees under 42 U.S.C. Sec. 1988 must, however, be vacated. Attorney's fees may only be assessed against a pro se plaintiff under Sec. 1988 when the plaintiff's claim is "frivolous, unreasonable, or groundless, or [when] the plaintiff continue[s] to litigate after it clearly bec[omes] so." Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 422 (1978); see Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam) (applying Christiansburg standard to cases arising under Sec. 1988). Although the award of attorney's fees under Sec. 1988 lies within the sound discretion of the district court, such an award must be in accordance with the standards set forth in Christiansburg and Hughes. The Christiansburg standard is applied with particular strictness when the plaintiff is proceeding pro se. See Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 620 (9th Cir.1987). "An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." Hughes, 449 U.S. at 15. In addition, the fact that a plaintiff's case is dismissed prior to trial is not a sufficient basis for an award of fees. Hughes, 449 U.S. at 15-16 ("Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by Christiansburg").
 
 
 4
 Applying Christiansburg and Hughes to the instant case leads us to conclude that the district court abused its discretion in awarding attorney's fees. Vester's Sec. 1983 complaint asserted unjustifiable delays in providing needed dental treatment. The complaint asserted that approximately eight months elapsed between his November, 1984 dental appointment, at which he was told that he needed nine teeth extracted and an upper plate (dentures) made, and the appointment at which an impression was taken for the plate. Documents filed by the defendants did not refute this claim. Further, affidavits of some of the inmates Vester attempted to include in his aborted class action arguably stated eighth amendment claims.
 
 
 5
 As part of its reasoning in assessing fees, the district court noted that Vester was "a writ writer of some renown." However, the record does not contain any indication whether any of Vester's previous suits were "frivolous, unreasonable, or groundless." The mere fact that a prisoner has filed a multiplicity of suits in the past is not an adequate basis for assessing fees against him; he may have had legitimate complaints.
 
 
 6
 Under Hughes v. Rowe, "[t]he fact that a prisoner's complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees." 449 U.S. at 15. Because we conclude that although Vester's complaint may have been subject to a motion to dismiss under Fed.R.Civ.P. Rule 12(b)(6), it was not "frivolous," we vacate the district court's order awarding fees under Sec. 1988.
 
 
 7
 We have reviewed the record and find no other meritorious issues presented by this appeal. We dispense with oral argument because the facts and legal contentions are adequately contained in the record and briefs and argument would not aid our resolution of the issues.
 
 
 8
 AFFIRMED IN PART;
 
 
 9
 VACATED IN PART.