896 F.2d 546
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jefferson Allen MALLETTE, Plaintiff-Appellant,
v.
James DUNNING, Sheriff, City of Alexandria, Virginia; City
of Alexandria, Virginia; Raymond Bassi, Sergeant, Employed
by the City of Alexandria, Virginia, Sheriff's Department;
Richard Spicer, Sergeant, Employed by the City of
Alexandria, Virginia, Sheriff's Department; John Barnes,
Deputy Sheriff, Employed by the City of Alexandria,
Virginia, Sheriff's Department; Eric Geiger, Captain,
Employed by the City of Alexandria, Virginia, Sheriff's
Department; Walter J. Shriver, President, Correctional
Medical Systems, Inc.; Correctional Medical Systems, Inc.;
Aline Bertone, Registered Nurse, Employed by Correctional
Medical Systems, Inc.; Joseph Collins, Licensed Practical
Nurse, Employed by Correctional Medical Systems, Inc.;
William Novak, Notary, Defendants-Appellees.
 No. 88-6861.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 30, 1989.
Decided: Jan. 24, 1990.
 
 Jefferson Allen Mallette, appellant pro se.
 Jack L. Gould; Catherine Clement Schenning, Phillip Gaynor Sunderland, City Attorney's Office; Jeff W. Rosen, Adler & Rosen, for appellees.
 Before DONALD RUSSELL, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jefferson Mallette, formerly a federal prisoner, appeals from the district court's dismissal of his 42 U.S.C. Sec. 1983 action alleging, most importantly, deliberate indifference to his medical needs. Mallette also claims that he was not given a physical examination when he entered the jail, he was denied access to a federal magistrate, "legal" documents were confiscated, and his outgoing mail was interfered with and delayed. While the latter claims are meritless, the district court erred in dismissing the deliberate indifference claim against defendants Bertone and Collins pursuant to Fed.R.Civ.P. 12(b)(6).[1] We remand that claim for further proceedings consistent with this opinion.
 
 
 2
 Mallette alleges that throughout the month of January 1987 he suffered severe pain sporadically from a decaying tooth. His complaint and other papers allege that, despite his pain, medication and dental care were denied or delayed by two nurses. According to Mallette, on January 5 Nurse Bertone threatened to withhold dental services in retaliation for a grievance Mallette filed. On January 13, after Mallette asked for stronger pain medication, Bertone cancelled all medication. On three occasions Mallette was not allowed to see the dentist. On January 19, Nurse Bertone gave Mallette a "sarcastic smile" in the hall when Mallette learned he was not to see the dentist. Nurse Collins withheld medication because he wanted to see Mallette suffer. Finally, on January 26, Mallette was allowed to see a dentist. The dentist extracted a seriously decayed tooth and indicated that the tooth had been the source of Mallette's pain. Mallette alleges that the nurses acted deliberately in denying him medication and delaying dental treatment, with knowledge of his severe pain.
 
 
 3
 In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court articulated the standard for violations of the eighth amendment's prohibition against cruel and unusual punishment. Unnecessary and wanton infliction of pain constitutes deliberate indifference to serious medical needs. Id. at 104-05. The indifference may be manifested, inter alia, by medical personnel's response to the prisoner's needs or by intentional delay or denial of access to medical care. Id.
 
 
 4
 This Court, in Sosebee v. Murphy, 797 F.2d 179 (4th Cir.1986), remanded a claim for trial when the evidence showed prison guards were aware of the prisoner's condition but intentionally refrained from obtaining medical assistance for him. In the face of such evidence, summary judgment was inappropriate. In Loe v. Armistead, 582 F.2d 1291 (4th Cir.1978), cert. denied, 446 U.S. 928 (1980), a lengthy delay in providing care provided a sufficient basis for an inference of deliberate indifference. This inference made the district court's dismissal of the complaint pursuant to Rule 12(b)(6) erroneous.
 
 
 5
 Deliberate indifference to dental needs has been the basis of successful statements of claims of eighth amendment violations. In Hunt v. Dental Department, 865 F.2d 198, 201 (9th Cir.1989), an inmate complained of the loss of his dentures for three months. The Ninth Circuit held a claim under 42 U.S.C. Sec. 1983 was stated where there was evidence that officials knew of the seriousness of the dental problems and failed to act. Noting the factual record was not sufficiently developed, the court found summary judgment inappropriate. Id. at 201.
 
 
 6
 In Fields v. Gander, 734 F.2d 1313 (8th Cir.1984), summary judgment in favor of prison officials was found to be improper where the officials knew of the pain the prisoner was suffering and refused to provide dental care for three weeks. This holding was made in spite of inconsistent allegations in the prisoner's complaint. Id. at 1314. The importance of dental care is undeniable. Ramos v. Lamm, 639 F.2d 559, 576 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981).
 
 
 7
 In the instant case, the district court incorrectly dismissed Mallette's complaint under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. The court's rationale overlooked the uncontested allegations that the delay and denial of pain medication and dental care was for the purpose of inflicting pain. These allegations state a claim on which relief may be granted.
 
 
 8
 Accordingly, we vacate the Court's decision with respect to the deliberate indifference claim, remand that claim for further proceedings, and affirm the disposition of the remaining claims.[2] We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 9
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 [1]
 Dismissal of all claims against the remaining defendants was proper, as Mallette fails to allege either personal involvement or official policy sufficient to state a claim against these defendants
 
 
 [2]
 We deny Mallette's motion to strike