928 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Earl WILKINS, Plaintiff-Appellant,
v.
CORRECTIONAL MEDICAL SYSTEM, Robert Granger, Medical
Director, Dennis Hughes, Executive Director, Jacob Roberts,
State Administrator, Victor Luckritz, Dentist, J. Cappuccio,
D.D.S., Defendants-Appellees.
 No. 90-6143.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 15, 1991.
Decided March 19, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-90-559-S)
 Earl Wilkins, appellant pro se.
 Aron Uri Raskas, Kramon & Graham, P.A., Baltimore, Md., for appellees.
 D.Md.
 VACATED AND REMANDED.
 Before K.K. HALL, SPROUSE and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Earl Wilkins, a prisoner at the Maryland State Penitentiary (MSP), appeals the district court's grant of summary judgment to the defendants in this 42 U.S.C. Sec. 1983 suit seeking damages and injunctive relief for the failure of several defendants to properly treat his mouth infection and foot problems. We vacate the district court's order and remand for further proceedings.
 
 
 2
 * In August 1989, Dr. Synowski, a dermatologist at MSP, examined Wilkins and recommended that Wilkins's mouth infection be treated at the University of Maryland Hospital (UMH) because he did not believe that the infection could be properly treated at MSP. A small, benign lesion was removed from Wilkins's mouth in December 1989, but Wilkins's mouth infection persisted. From October 1989 through the time the district court granted summary judgment to the defendants in September 1990, Dr. Synowski repeatedly issued referrals (several of them marked "urgent") for Wilkins to be treated at the UMH dermatology clinic for his cheilitis (inflammation of lip) condition and other problems related to his mouth infection.
 
 
 3
 Despite Dr. Synowski's recommendations, Dr. Granger, the Medical Director of Correctional Medical System (which had contracted to provide medical services to MSP), determined that Wilkins's infection could be handled properly at MSP and overruled Dr. Synowski's recommendation that Wilkins be treated at UMH. On November 26, 1989, Wilkins filed an administrative grievance requesting that Dr. Synowski's recommendation be carried out. In response to Wilkins's grievance, MSP Warden James Rollins stated that "as recommended by Dr. Synowski, you will be scheduled for further consultation at University Hospital with a dermatologist." However, because of Dr. Granger's determination that such a referral was unnecessary, Wilkins was never treated at UMH.
 
 
 4
 Wilkins admitted that he has received treatment for his mouth infection; however, he claimed that the defendants' failure to properly treat his infection resulted in pain and swelling in his mouth which prevented him from eating breakfast on 26 occasions from September 1989 through February 1990. He also claimed that on February 17, 1990, he suffered an insulin reaction because he was unable to eat breakfast due to a swollen mouth.[1]
 
 
 5
 Wilkins first complained about numbness in his toes in May 1989. On October 4, 1989, Dr. Gilbert, the podiatrist at MSP, prescribed that Wilkins be given a plastic bucket to soak his feet. Dr. Gilbert again prescribed that Wilkins be given a bucket to soak his feet on January 17 and February 21, 1990. On February 12, 1990, Wilkins filed an administrative grievance requesting that he receive the bucket prescribed by Dr. Gilbert; that grievance was granted by the warden of MSP on March 5, 1990. However, it appears that Wilkins was not given the prescribed bucket until April 21, 1990. Although Wilkins did not provide any proof that he has been diagnosed as having any serious foot problems, he claimed that he had permanently lost the feeling in his feet.
 
 II
 
 6
 Wilkins named six defendants in his suit: (1) Correctional Medical System (CMS); (2) Dr. Granger, the Medical Director of CMS; (3) Dennis Hughes, the Executive Director of CMS; (4) Jacob Roberts, a state administrator; (5) Dr. J. Cappuccio, a dentist at MSP; and (6) Dr. Victor Luckritz, a dentist at MSP.
 
 
 7
 The district court determined that Wilkins had not shown that he was the victim of deliberate indifference to his serious medical needs, as required to state a constitutional claim under Estelle v. Gamble, 429 U.S. 97 (1976). The district court said that Wilkins was merely dissatisfied with the results of his medical treatment, and thus failed to state a constitutional claim. Russell v. Sheffer, 528 F.2d 318 (4th Cir.1975).
 
 
 8
 The unnecessary and wanton infliction of pain, which may be manifested by a significant delay in treatment, or by the denial of access to medical care, constitutes deliberate indifference to serious medical needs, in violation of the eighth amendment. Estelle, 429 U.S. at 104-05. A significant delay in treating a medical condition which is not life-threatening can state an eighth amendment claim. Hunt v. Dental Dep't, 865 F.2d 198, 201 (9th Cir.1989) (claim stated by three-month delay in obtaining replacement dentures); Fields v. Gander, 734 F.2d 1313 (8th Cir.1984) (claim stated by three-week delay in providing dental care); Loe v. Armistead, 582 F.2d 1291 (4th Cir.1978) (11-hour delay in examining prisoner's painfully swollen and obviously broken arm may state claim), cert. denied, 446 U.S. 928 (1980).
 
 
 9
 Failure to provide the care that a treating physician himself believes is necessary could be found to be conduct which surpasses negligence and constitutes deliberate indifference. Milteor v. Beorn, 896 F.2d 848 (4th Cir.1990), citing Ancata v. Prison Health Serv., Inc., 769 F.2d 700, 704 (11th Cir.1985). Refusing to comply with a doctor's orders concerning care of serious foot problems can state an eighth amendment claim. Johnson v. Hardin County, 908 F.2d 1280 (6th Cir.1990) (failure to provide prescribed crutches, bedding, and medication). Failure to take minimal measures to treat a severe foot injury can also state an eighth amendment claim. Mandel v. John Doe, 888 F.2d 783 (11th Cir.1989) (gross indifference manifested by failure to x-ray patient's swollen and obviously injured foot or refer him to hospital for further examination).
 
 
 10
 Here, because Dr. Granger has repeatedly refused to permit Wilkins to receive the medical treatment recommended by his treating physician and ordered by the warden, Wilkins's allegations were sufficient to create a genuine issue of material fact regarding the defendants' deliberate indifference to his mouth infection. Therefore, we vacate the grant of summary judgment on this claim and remand for further proceedings.
 
 
 11
 Wilkins may also have stated a deliberate indifference claim because of the delay in providing the bucket which he needed to soak his feet. Wilkins's podiatrist ordered that Wilkins be provided with a bucket to soak his feet in October 1989. He repeated his prescription that Wilkins be provided with a bucket in both January and February 1990. However, Wilkins was not given a bucket until April 1990--six months after first prescribed by the podiatrist and over two months after the podiatrist's third request. The inordinate length of the delay in providing a readily available remedy, along with Wilkins's claim that he lost all feeling in his feet, may give rise to a constitutional claim.
 
 
 12
 However, Wilkins failed to allege that any of the five individual defendants was personally responsible for, or tacitly authorized, the delay in treating his foot problems. Rather than dismissing this claim, the district court should have afforded Wilkins the opportunity to amend his complaint to bring the proper defendant before the court. Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), cert. denied, 439 U.S. 970 (1978). Therefore, we remand this claim for further proceedings consistent with this opinion.
 
 
 13
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 14
 VACATED AND REMANDED.
 
 
 
 [1]
 The medical records contained in the record do not show that Wilkins sought any medical treatment on or about February 17, 1990