**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-6457

ROY HUNT, JR.,

Plaintiff - Appellant,

v.

SANDHIR, M.D., Powhatan Correctional Center; THOMPSON, M.D., Wallens Ridge State Prison; LUCY DOSSETT, M.D., International Radiology Group, LLC; STANFORD, Registered Nurse, Wallens Ridge State Prison; COLLINS, Registered Nurse, Wallens Ridge State Prison; CLARK, Registered Nurse, Wallens Ridge State Prison; BROWN, Correctional Officer Sergeant, Wallens Ridge State Prison; DAVID ROBINSON, Warden, Wallens Ridge State Prison; FRED SCHILLING, Health Service Director; KING, M.D.; A. WARREN,

Defendants - Appellees,

and

JOHN DOE, on 2/23/06 M.D., Powhatan Correctional Center; A.J. UNKNOWN, on 2/2/06, M.D., Powhatan Correctional Center,

Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (3:06-cv-00539-RLW)

Submitted: August 27, 2008      Decided: September 29, 2008

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

———————

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

———————

Roy Hunt, Jr., Appellant Pro Se. Carlene Booth Johnson, PERRY LAW FIRM, PC, Dillwyn, Virginia; Rodney Seth Dillman, HANCOCK, DANIEL, JOHNSON & NAGLE, PC, Virginia Beach, Virginia; Susan Bland Curwood, Assistant Attorney General, Richmond, Virginia, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roy Hunt, Jr., appeals from the district court's order granting the various Defendants' motions to dismiss and motions for summary judgment in his 42 U.S.C. § 1983 (2000) suit, alleging deliberate indifference regarding his fractured elbow. We affirm the district court's order as to all Defendants except for Dr. Thompson. As to Thompson, we vacate the district court's order and remand for further proceedings.

Hunt's complaint alleged that, after he fractured his elbow, he received improper treatment at two different institutions. With regard to Thompson, Hunt asserted that Thompson took him off pain medication on April 30, 2006, and only resumed his medication when he was ordered to by "Richmond" on July 16. Hunt describes his pain as "unthinkable" and asserted that his elbow was not healing, but instead was getting worse. He alleged that he continued to seek medical treatment or medication to no avail. In addition, Hunt alleged that Thompson refused him pain medication, at least in part, because Thompson was annoyed that Hunt had been transferred while he had an injury and upset that Hunt had been filing grievances. Further, Hunt averred that, after he reinjured his elbow in late July, he informed Thompson that he had been unable to sleep, due to the severe pain, for four days. In response, Thompson did not examine him and instead told him that he would be seeing a orthopedic specialist and could take up the

3

issue with him. Finally, Hunt states that he told Thompson that his elbow and knee braces had been confiscated by a nurse, that they had been prescribed by other doctors, and that he was in pain without them. Thompson allegedly responded that Hunt would have to take that up with the nurse. The district court granted Thompson's motion to dismiss.

We review the district court's decision to grant a motion to dismiss under Fed. R. Civ. P. 12(b)(6) de novo. Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). The factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

We find that Hunt has sufficiently alleged that he suffered from a serious medical need — a fractured elbow. See Murphy v. Walker, 51 F.3d 714, 720 (7th Cir. 1995) (holding that broken hand is serious injury and permanent harm or "lingering disability" could result absent proper evaluation, possible realignment, and treatment). In addition, Hunt asserts that his medical treatment was delayed based on non-medical reasons, specifically that Thompson was inconvenienced and annoyed by both

4

Hunt's grievances and his initial transfer.  See Monmouth County Corr. v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987) (holding that deliberate indifference can be shown when medical treatment is delayed for non-medical reasons).  Moreover, Hunt contends that, after his fractured elbow was reinjured, he was not treated by Thompson for at least nine days[*] causing him terrible pain and rendering him unable to sleep.  See Hunt v. Dental Dep't., 865 F.2d 198, 201 (9th Cir. 1989) (failure to treat dental problems for three months);  H.C. ex rel. Hewett v. Jarrard, 786 F.2d 1080, 1086-87 (11th Cir. 1986) (three-day delay in medical treatment for shoulder injury);  Fields v. Gander, 734 F.2d 1313, 1314 (8th Cir. 1984) (failure to treat infected tooth causing "severe pain" for twelve days).

Construing all the allegations in the complaint in the light most favorable to Hunt, we conclude that Hunt has stated a claim against Thompson for deliberate indifference to his fractured elbow.  He alleges that Thompson ended his pain medication because he was irritated that Hunt had been transferred; that he delegated the decision as to whether Hunt should be permitted to use prescribed braces to a nurse; and that, when Hunt reinjured his fractured elbow, Thompson did not treat him for at least nine days. These allegations are sufficient to state a claim that Thompson knew of Hunt's injuries and chose to ignore them, or at least to

---

[*]On the ninth day, Hunt filed the instant complaint.

5

unnecessarily prolong Hunt's pain.  Accordingly, we vacate this portion of the district court's order and remand for further proceedings.

With regard to the remaining Defendants, we have carefully reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court.  <u>See</u> <u>Hunt v. Sandhir</u>, No. 3:06-cv-00539 (E.D. Va. Feb. 29, 2008).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>VACATED AND REMANDED IN PART</u>