In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-2772

LESTER DOBBEY,

*Plaintiff-Appellant*,

*v.*

JACQUELINE MITCHELL-LAWSHEA and MICHAEL DANGERFIELD,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 C 1739 — **Robert M. Dow, Jr.**, *Judge*.

SUBMITTED OCTOBER 29, 2015 — DECIDED NOVEMBER 24, 2015

Before WOOD, *Chief Judge*, and POSNER and EASTERBROOK, *Circuit Judges*.

POSNER, *Circuit Judge*. On January 7, 2011, Lester Dobbey, an inmate of Illinois's Stateville prison, complained to a medical technician that he had a loose tooth that was causing him severe pain and required immediate medical attention. He filled out an emergency request for treatment and the technician wrote "abscess" on a form that referred him to the prison infirmary for treatment. Jacqueline Mitchell-

Lawshea, a dentist who is one of the two defendants in Dobbey's suit, was on duty that day but claims not to have received the form, or otherwise to have learned of Dobbey's complaint, until January 12, when she wrote "reports abscess" on Dobbey's medical chart and scheduled him to be examined by her two days later. Although the defendants' statement of uncontested facts says that she "was not responsible for logging or scheduling appointments of offenders," her affidavit states: "I logged and/or scheduled offender's appointments." And in response to the plaintiff's statement of facts she admitted that she'd scheduled Dobbey's January 14 appointment.

Dobbey showed up on schedule on January 14 only to be told by a guard—the other defendant, Michael Dangerfield—that the appointment had been cancelled; no reason was given. Dobbey told the guard that he was in pain, showed him his infected tooth, and asked to be allowed to remain in the infirmary's waiting area until someone appeared who could prescribe pain medication for him. Dangerfield told Dobbey that he could not linger in the waiting area and anyway that guards had arrived to take him back to his prison cell.

One might have expected Mitchell-Lawshea, who as a dentist was surely aware of the dangers created by an untreated tooth abscess, to have kept her appointment with Dobbey or at least have seen him the next day. She has given no explanation for her apparent dawdling—and we know that at least four people, including her, were working in Stateville's dental office on January 14. Instead of seeing him or asking one of the other members of the dental office staff to see him, she rescheduled his appointment for January

25—eleven days later. On January 20, with his abscessed tooth still untreated even by pain medication, Dobbey was taken from his cell to the prison infirmary complaining of stomach pains, vomiting, and fever. He was released in time for his dental appointment but the appointment was again postponed, till the 28th, because Dobbey's cell had been changed. Why that should have affected his dental appointment is another unexplained feature of this case. On January 28 he was at last examined by Mitchell-Lawshea—16 days after she'd learned he was complaining of a tooth abscess. She diagnosed an abscessed molar and prescribed penicillin and on February 3, the penicillin having brought the infection under control, she extracted the molar.

Dobbey's suit charges the defendants with deliberate indifference to his abscess. "Deliberate indifference" to a prisoner's serious medical needs is held to be a violation of the cruel and unusual punishments clause of the Eighth Amendment, a clause made applicable to state officials and employees by interpretation of the Fourteenth Amendment's due process clause. *Estelle v. Gamble*, 429 U.S. 97, 101, 104 (1976). The decision of a medical professional to do nothing, even though she knows that a patient has a serious medical condition requiring prompt treatment that the professional is capable of and responsible for providing, amounts to deliberate indifference. Any minimally competent dentist who knows that a patient has reported an abscess also knows that if the report is correct the patient needs prompt medical treatment. A dentist demonstrates deliberate indifference by failing to treat the patient promptly, thus prolonging the patient's pain, while knowing that the patient may well be in serious pain that is treatable. And a guard who is aware of complaints of pain and does nothing to help a suffering

prisoner obtain treatment is likewise exhibiting deliberate indifference. He knows the prisoner may be suffering and knows whom to call to attend to the matter. His failure to do so cannot be excused on grounds of cost or danger of acting, see, e.g., *Johnson v. Doughty*, 433 F.3d 1001, 1011–13 (7th Cir. 2006); *Berry v. Peterman*, 604 F.3d 435, 440–41 (7th Cir. 2010), as there is neither cost nor danger.

In granting summary judgment in favor of the defendants, the district judge failed to appreciate the gravity of a tooth abscess or attach sufficient weight to the slack response of prison staff to Dobbey's medical problem. A tooth abscess is not a simple toothache. It is a bacterial infection of the root of the tooth, and it can spread to the adjacent gum and beyond—way beyond. It is often painful and can be dangerous. Loss of the tooth is common, though can sometimes be prevented by prompt detection and treatment of the abscess. Dobbey does not connect his abdominal woes to the abscess, but he may well not have known that stomach pain, nausea, and vomiting are common consequences of a tooth abscess and so may have been caused or aggravated by his abscess.

Because the bacteria in an abscessed tooth can spread to other vital organs and even cause death, prompt treatment is imperative. The district judge remarked that the prison dentist may not have realized that Dobbey had a "serious" abscess. Any tooth abscess is serious; any dentist knows that. Dobbey did not receive prompt treatment; he received a series of runarounds, experienced weeks of pain, and lost the tooth. The critical question is whether the botched treatment can be ascribed to deliberate indifference by the two defendants—the dentist and the guard—or was merely negligence,

in other words malpractice, which is not a violation of the Eighth Amendment.

No reason has been given for the dentist's having waited two weeks before examining Dobbey. If a jury credits Dobbey's allegations, all the requirements of deliberate indifference will have been satisfied by that delay. Mitchell-Lawshea would have known that Dobbey had a serious medical problem that was within her professional knowledge and experience to solve. She would have known that the problem would get worse the longer treatment was delayed and that Dobbey would suffer acutely until the abscess was treated.

Obviously the guard can't be faulted for being unable to treat an abscessed tooth, but he can be for not having reported Dobbey's complaints to the dentist, or perhaps to someone else on the prison's medical staff, who could alleviate Dobbey's pain—even if it was just the prison pharmacist, or the medical technician to whom Dobbey had first turned. See *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011); *Johnson v. Doughty, supra*, 433 F.3d at 1010–11.

Prison guards have a responsibility for prisoners' welfare. If a prisoner is writhing in agony, the guard cannot ignore him on the ground of not being a doctor; he has to make an effort to find a doctor, or in this case a dentist, or a technician, or a pharmacist—*some* medical professional. Dangerfield made no effort. He argues that he had no responsibility in the matter because Dobbey was under the care of a physician, but Dobbey was under no one's care.

Suppose a person collapses on the street after being arrested. The arresting officer asks him whether he's under the

care of a physician. And he says "yes, and could you call him for me?" If the officer replied that "since you're under the care of a physician I'm not going to do anything to help you," he would be guilty of deliberate indifference. According to Dobbey he had asked Dangerfield, "can I see a nurse or somebody to look at my mouth to try to get something for my mouth because it was paining and swollen," and Dangerfield had replied, "No, partner, your ride is here," meaning that an officer had arrived to escort Dobbey back to his cell. That was on January 14. Not until two weeks later did the dentist examine Dobbey.

On the record compiled to date, the evidence of deliberate indifference by the two defendants to a serious medical need precludes granting summary judgment in their favor. We therefore remand the case to the district court for further proceedings consistent with the analysis in this opinion. We suggest that the district judge recruit counsel to assist Dobbey and perhaps exercise authority, conferred on him by Fed. R. Evid. 706, to appoint a neutral expert witness to advise on the medical issues presented by the case.

REVERSED AND REMANDED