NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 26, 2017[*]
Decided May 26, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1373

| | |
|---|---|
| ROBERT ALLEN,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>PARTHASARATHI GHOSH, et al.,<br>    *Defendants-Appellees*. | Appeal from the United States<br>District Court for the Northern District<br>of Illinois, Eastern Division.<br><br>No. 13cv00146<br><br>John J. Tharp, Jr.<br>*Judge*. |

**O R D E R**

Robert Allen, an Illinois prisoner, claims in this suit under 42 U.S.C. § 1983 that the medical providers (the doctors and a nurse) responsible for his care at Stateville Correctional Center were deliberately indifferent to his chronic testicular pain, and that Wexford Health Services, a contractor serving the state's prisons, has a policy of intentionally denying and delaying medical care to prisoners. The district court granted

_____

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

summary judgment for the defendants, and Allen has appealed. Allen contends that the lawyer recruited by the district court to assist him should have sought an expert witness. He also contends that the district court abused its discretion by not enlisting another pro bono lawyer after his recruited counsel (and, before that, his retained lawyer) was granted leave to withdraw. We reject both arguments.

The underlying facts are undisputed. Allen has been incarcerated at Stateville the entire time he has suffered from chronic testicular pain, which began in 2006 but worsened in 2007. Dr. Parthasarathi Ghosh, at that time the medical director at Stateville, first treated Allen in August 2007. Allen complained of testicular pain and swelling, and Dr. Ghosh diagnosed him with epididymitis, an infection or inflammation of the epididymis, a coiled tube at the back of a testicle. Dr. Ghosh prescribed an antibiotic, a pain reliever, and a jockstrap for testicular support. He instructed Allen to return for a checkup in early September, though whether Allen did so is unclear.

When Dr. Ghosh next saw Allen in October 2007, he noticed a small lump on the left testicle. He prescribed pain medication and ordered an ultrasound. In February 2008, after Dr. Ghosh had received the results of that ultrasound, he referred Allen to a urologist, Dr. Roohollah Sharifi. For unknown reasons Allen did not see Dr. Sharifi until August 2008. Dr. Sharifi diagnosed Allen with orchiepididymitis, the inflammation of the epididymis and testicle. Dr. Sharifi concurred with Dr. Ghosh's previous prescription of antibiotics, pain medication, and scrotal support. Dr. Sharifi also suggested an MRI to rule out testicular cancer because he detected a small mass in Allen's left testicle.

The same day that Allen returned from his consultation with Dr. Sharifi, Dr. Ghosh prescribed a new antibiotic. Allen followed up with Dr. Sharifi three months later, but his condition was unchanged. Allen never did receive the recommended MRI, but Dr. Sharifi has since opined that the results of a later ultrasound are consistent with Dr. Ghosh's original diagnosis of epididymitis and, thus, not indicative of testicular cancer. During 2009 and 2010, Dr. Ghosh saw Allen seven more times, primarily to address gastroenterological pains, but also to manage his testicular pain. He did not perceive a mass in Allen's left testicle.

Another doctor, Imhotep Carter, continued Allen's treatment after Dr. Ghosh retired in 2010. Allen saw Dr. Carter three times from August 2011 through January 2012 for various health issues, including stomach pain. Allen also complained about a "little"

testicular pain during one of those appointments, but there is no record of a similar complaint at the other two.

Dr. Obaisi then took over Allen's care when Dr. Carter resigned from his position at Stateville. Dr. Obaisi first saw Allen in August 2012 and prescribed antibiotic injections to treat Allen's testicular pain. The following month he prescribed a different antibiotic and another ultrasound. This is the ultrasound that led Dr. Sharifi, the urologist, to retract from his earlier suggestion that an MRI might be useful. Allen's next two visits with Dr. Obaisi were unremarkable, but Dr. Obaisi hospitalized him in November 2012 thinking he possibly had a kidney stone. Dr. Obaisi continued treating Allen for testicular pain and in February 2013 sent him back to Dr. Sharifi for another consultation.

Meanwhile, Allen had filed this lawsuit in January 2013 claiming that Drs. Ghosh, Carter, and Obaisi, as well as another physician and a nurse at Stateville, had been deliberately indifferent to his testicular pain and that Wexford maintained a policy of intentionally refusing and delaying medical treatment. Initially, Allen retained a lawyer on contingency, and after Dr. Sharifi was deposed, that attorney asked the district court to compel Wexford to arrange a surgical consultation with him. Dr. Sharifi had testified that a vasectomy might alleviate Allen's pain. The district court ordered the consultation, but after reexamining Allen, Dr. Sharifi concluded that surgery would be ineffective because Allen's pain is too diffuse. This conclusion, along with Dr. Sharifi's deposition testimony that the prison doctors had treated Allen appropriately, prompted retained counsel to withdraw, explaining that Allen's claim of deliberate indifference was not viable. The district court allowed the attorney to withdraw but, at Allen's urging, recruited a volunteer replacement. That lawyer, too, was allowed to withdraw after reviewing the discovery materials. The court denied Allen's request to enlist a third lawyer.

The defendants moved for summary judgment and followed Northern District of Illinois Local Rule 56.2, which requires defendants to notify pro se litigants about the steps for opposing a motion for summary judgment and the consequences of disregarding those steps. Allen's response to the defendants' statement of material facts was deficient, but even after the district court had alerted him to the problem and given him another opportunity to contest the defendants' statement of material facts, Allen's revised response still was deficient. The district court then deemed the defendants' statement admitted. The court concluded from the undisputed evidence that Allen had received regular and appropriate treatment for his testicular condition, thus defeating

his claim that the defendants were deliberately indifferent to his serious medical condition.

On appeal Allen does not challenge the district court's conclusion that the undisputed evidence defeats his Eighth Amendment claims. Instead, he argues that the lawyer recruited by the district court should have retained an expert witness to substantiate his accusations of deliberate indifference. District courts do not supervise the parties' lawyers, however, not even pro bono attorneys recruited by the court. *See generally Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1028 (7th Cir. 2006) (client's remedy is malpractice action, not blaming third parties); *Pendell v. City of Peoria*, 799 F.3d 916, 918 (7th Cir. 2015) (no right to effective counsel in civil cases). And neither are district judges required to find expert witnesses for inmates claiming deliberate indifference. *See* FED. R. EVID. 706(a); *Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 941 (7th Cir. 2015); *Ledford v. Sullivan*, 105 F.3d 354, 358–59 (7th Cir. 1997). Here, though, Allen *was* examined by an expert. He was seen by Dr. Sharifi, an independent, long-time faculty member of the University of Illinois at Chicago's surgical urology department. Wexford initially sent Allen to see him, but Allen's retained attorney also arranged for Dr. Sharifi to examine Allen again after this lawsuit was filed. Allen does not like the opinions given by Dr. Sharifi after that examination and before at his deposition, but that does not mean he can shop around for a favorable witness at the court's expense.

Allen also suggests that the district court abused its discretion by not locating a replacement when his appointed counsel withdrew. Inmates do not have a right to recruitment of counsel in civil cases, *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014), though a pro se litigant's request for assistance in finding a volunteer lawyer is entitled to careful consideration, *Diggs v. Ghosh*, 850 F.3d 905, 911–12 (7th Cir. 2017). That careful consideration was given here. After retained counsel was allowed to withdraw on the ground that discovery had shown Allen's lawsuit to be without merit, the district court still recruited counsel for Allen, even though Allen's pro se filings had been coherent. But after two attorneys had said they could not in good faith continue pursuing Allen's lawsuit, the district court would have been wasting resources to recruit another lawyer for Allen.

AFFIRMED.