**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2017[*]
Decided November 20, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-1697

| | |
|---|---|
| DAVID ROBERT BENTZ, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 13-cv-573-NJR-DGW |
| PARTHASARATHI GHOSH, et al., <br> *Defendants-Appellees*. | Nancy J. Rosenstengel, <br> *Judge*. |

**O R D E R**

David Bentz, an Illinois inmate who suffers pain from untreated cavities in his teeth, appeals from the entry of summary judgment against him in this suit under 42 U.S.C. § 1983 asserting that officials at three prisons were deliberately indifferent to his painful dental condition. He also appeals the denial of a preliminary injunction to compel pain treatment, as well as the dismissal of both state-law claims and deliberate-indifference claims against nonmedical prison officials. We affirm in part and vacate in part, and remand for further proceedings.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Bentz's claims stem from his attempts to obtain dental fillings and pain relief from medical staff at three separate prisons where he was detained in Illinois between 2010 and 2013. In his complaint he alleged that 15 named defendants and 6 unidentified defendants—dental professionals, doctors, and nonmedical prison staff—failed to act on his complaints of tooth pain and requests for dental treatment. The narrative begins in late 2010 at Stateville Correctional Center, where, Bentz alleged, Medical Director Dr. Parthasarathi Ghosh ignored his complaints of tooth pain (he did not specify which tooth), eating difficulties, obvious swelling near the tooth, and request for pain medication. Bentz also alleged that Christine Luce, a dental assistant at the prison, was aware of his need for treatment and pain relief but refused to do anything for him but schedule appointments. Bentz was examined in spring 2011 by an unidentified dentist who said he could not give him a filling because the prison did not provide them. Prison guards, grievance counselors, and the warden also ignored his complaints of "chronic tooth pain." Bentz soon thereafter was transferred to Pontiac Correctional Center, whose medical director, Dr. Andrew Tilden, denied his requests for medication and a referral for chronic tooth pain.

In late 2011 Bentz was transferred to Menard Correctional Center, where, he alleged, an unidentified dentist refused to treat his teeth and another dentist, Dr. Robert Stelfox, pronounced his teeth fine without examining them. Bentz attached to his complaint an emergency grievance that he had filed with Menard's warden saying that he had been denied treatment for an abscessed tooth. The warden decided that this grievance did not present an emergency and took no action. In his complaint Bentz also alleged that five Menard correctional officers and a lieutenant did nothing to help after he told them that he had tooth pain, showed them his swollen jaw, and asked for medical attention.

Bentz filed this suit asserting violations of the Eighth Amendment and claims under Illinois law for negligence and conspiracy to violate his rights. He sought damages and injunctive relief, including "immediately arrang[ing] for [his] abscessed tooth and chronic pain to be addressed."

District Judge Patrick Murphy screened Bentz's complaint, 28 U.S.C. § 1915A, and allowed him to proceed on state-law negligence claims against all defendants and on deliberate-indifference claims against the dental professionals and doctors at all three prisons and against Menard's warden. The judge concluded that Bentz failed to allege claims of state-law conspiracy or claims of deliberate indifference against the nonmedical defendants except Menard's warden.

With regard to the request for a preliminary injunction, Judge Murphy adopted the recommendation of a magistrate judge to whom he had referred the matter for a hearing and concluded that Bentz was not in any immediate danger because he could eat, talk, and otherwise use his mouth and jaw. The district judge agreed with the magistrate judge that Bentz's condition "clearly" did not warrant a preliminary injunction because Bentz had not presented evidence of irreparable harm, especially since his pain "comes and goes *on its own*" and could be alleviated by over-the-counter drugs.

The case was reassigned to District Judge Nancy Rosenstengel, who dismissed the negligence claims against some of the defendants, concluding that the nonmedical defendants were entitled to sovereign immunity. She also dismissed Bentz's medical-malpractice claim against Luce because he failed to attach to his complaint an affidavit stating he had consulted a physician as required by 735 ILL. COMP. STAT. § 5/2-622.

Discovery ensued, and the following facts, construed in the light most favorable to Bentz, were introduced. In December 2009 a prison dentist at Graham Correctional Center told Bentz that he needed three fillings. One month later Bentz was transferred to Stateville. In October 2011 Bentz asked Dr. Ghosh, Statesville's medical director, for pain medication and a dental referral because his tooth was "bothering him" and causing problems eating, and he had pain in his tooth and visible swelling of his jaw. Dr. Ghosh denied medication but referred him to a dentist; dental assistant Luce scheduled Bentz for an appointment one week later. Bentz received x-rays, and a dentist (not named in this action) told him that he would be scheduled to receive a filling in one tooth. Luce scheduled Bentz for the next available appointment four months later, but that appointment was postponed (for reasons not reflected in the record), and in May 2011 Bentz received a dental exam from a dentist who again took x-rays but provided no fillings. He was scheduled for another appointment to receive fillings three months later, but by then he was transferred to Pontiac.

After a three-month stay at Pontiac, where he unsuccessfully sought pain medication for his tooth from Pontiac's medical director, Bentz was transferred in November 2011 to Menard. In May 2013 he reported to Dr. Robert Stelfox, a prison dentist, with a swollen jaw; Bentz told Dr. Stelfox that he had an abscessed tooth and needed pain medication and treatment. Without examining Bentz's teeth, Dr. Stelfox responded that there was nothing wrong with them. Weeks later Bentz sent the warden an emergency grievance, saying that for four weeks he had been trying to obtain

treatment for an abscessed tooth and that the prison dentist said there was nothing he could or would do. The warden determined that Bentz's condition was not an emergency and denied the grievance without taking further action. Bentz forwarded the grievance to the Illinois Administrative Review Board, which denied it in July 2013, after he had already filed this suit. In May 2014 Bentz eventually received a filling in one tooth, but he has continued to seek two additional fillings and pain treatment.

Dr. Tilden, Dr. Stelfox, and Menard's warden moved for summary judgment on the ground that Bentz had not exhausted his administrative remedies as required under the Prison Reform Litigation Act. A magistrate judge held a hearing on the exhaustion issue in accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Bentz testified that he had grieved twice against Dr. Tilden about treatment during one exam but only in a later grievance (not produced by the parties) did he mention inadequate dental care. The magistrate judge agreed with the defendants' position regarding exhaustion. As he explained, Bentz's testimony that he had filed a grievance against Dr. Tilden was not credible, Bentz had not filed a grievance about the warden, and Bentz did not timely appeal the denial of his emergency grievance against Dr. Stelfox.

Judge Rosenstengel adopted the magistrate judge's recommendation and entered summary judgment for Dr. Tilden, Dr. Stelfox, and Menard's warden. Judge Rosenstengel accepted the magistrate judge's adverse credibility finding; according to her, it "simply does not make any sense" that Bentz would file two grievances weeks apart complaining that Dr. Tilden had treated him inadequately in the same exam and Bentz failed to offer "specifics" about the contents of his second grievance. The judge also agreed that Bentz did not exhaust his administrative remedies against Dr. Stelfox because he filed suit before receiving a final determination from the Administrative Review Board. And the judge agreed that Bentz had not filed a grievance complaining about the conduct of Menard's warden.

Months later Dr. Ghosh and dental assistant Luce moved for summary judgment, contending that Bentz's deliberate-indifference claims were unsubstantiated. Dr. Ghosh argued that Bentz's negligence claim failed as a matter of law.

The district judge eventually determined that Bentz's deliberate-indifference claims were unsupported and granted Dr. Ghosh's and Luce's motions for summary judgment. She concluded that there was no evidence that Dr. Ghosh knew that Bentz was suffering significant or debilitating pain when he denied Bentz pain medication: indeed, "Ghosh responded appropriately in ensuring [that] a request was submitted for [p]laintiff to be seen by a dentist who could properly evaluate his dental condition."

The judge also concluded that Luce could not have been deliberately indifferent toward Bentz's needs because, as the record showed, Luce "scheduled him to see the dentist as required and deferred to the medical professional's opinions as to what care [p]laintiff should receive." Further, Bentz's negligence claim against Dr. Ghosh failed because he didn't attach the necessary affidavit required by Illinois law for a medical-malpractice suit. 735 ILL. COMP. STAT. § 5/2-622. Finally, invoking Rule 41(b) of the Federal Rules of Civil Procedure, the judge dismissed the claims against the unidentified defendants because Bentz—despite having ample time and the opportunity to do so— failed to take steps to identify them.

On appeal Bentz first challenges the entry of summary judgment for Dr. Ghosh, contending that he created a triable issue of deliberate indifference by offering evidence that Dr. Ghosh, in refusing to provide him pain medication, overlooked his swollen jaw and ignored his complaint of pain that caused him problems eating.

To establish a claim of deliberate indifference, Bentz must show both that his condition was objectively serious and that the defendants were deliberately indifferent to that condition. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994); *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). The parties do not dispute that Bentz's tooth decay and related pain may constitute a serious medical condition. *See Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) ("Tooth decay can constitute an objectively serious medical condition because of pain and the risk of infection."). Medical doctors, like Dr. Ghosh, may be found deliberately indifferent if they discount, without investigating, a prisoner's symptoms of a serious medical need. *See Rivera v. Gupta*, 836 F.3d 839, 841–42 (7th Cir. 2016). A few days' delay in addressing a painful but readily treatable condition can support a claim of deliberate indifference. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 830 (7th Cir. 2009) (deciding that state employees could be found deliberately indifferent from a four-day delay in treating a prisoner who complained that his IV needle was causing him serious pain); *Edwards v. Snyder*, 478 F.3d 827, 830–31 (7th Cir. 2007) (concluding that a prisoner stated a deliberate-indifference claim by alleging a two-day delay in treating a dislocated finger that caused unnecessary pain and permanent disfigurement).

We conclude that a fact question exists concerning whether Dr. Ghosh was aware that Bentz's pain was significant. Dr. Ghosh said in his affidavit that Bentz never mentioned pain during the appointment, but Bentz testified at his deposition that he complained about pain from his tooth and related swelling (a sign of infection). Bentz said in his verified complaint that this swelling was obvious and that he mentioned it to

Dr. Ghosh. Bentz added in an affidavit that he told Dr. Ghosh that the pain was causing problems eating. Dr. Ghosh was responsible for investigating whether Bentz's complaint of pain that caused swelling and problems eating warranted immediate treatment, yet he took no further steps except to refer Bentz for a dental appointment to take place at some unspecified future time. Even if the referral could be deemed as some form of treatment, Dr. Ghosh could be held liable for ignoring some but not all of Bentz's serious medical needs. *See Berry*, 604 F.3d at 441. Bentz's evidence, if true, shows that Dr. Ghosh disregarded Bentz's need for immediate pain relief. Dr. Ghosh's decision to make merely a referral exposed Bentz to enduring pain for an indefinite period of time, at least until he could be seen and treated by a dentist. Bentz's evidence, if true, shows that his dental pain has lasted from 2010 past the filing of this suit in mid-2013.

Bentz next challenges the entry of summary judgment for Dr. Stelfox, contending generally that he exhausted available administrative remedies before filing suit, even though he sued before the Administrative Review Board acted on his appeal of the emergency grievance. Bentz asserts further, with regard to the merits, that a jury reasonably could conclude from his testimony that Dr. Stelfox did nothing in response to his complaints of an abscessed tooth and swollen jaw.

As a preliminary matter, Bentz, contrary to the district court's conclusion, exhausted his administrative remedies with regard to his claims against Dr. Stelfox. Bentz sued the doctor only *after* the warden had rejected his emergency grievance, and an Illinois inmate who asks the warden to handle a grievance on an emergency basis need not resubmit that complaint as a normal grievance after the warden concludes that the grievance does not present an emergency. *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) (citing 20 ILL. ADM. CODE tit. 20, § 504.840). Under these circumstances Illinois rules do not require him to appeal that decision to the Administrative Review Board.

As for the merits, a jury reasonably could find that Dr. Stelfox was deliberately indifferent to Bentz's serious medical needs based on Bentz's testimony that the doctor ignored his pain complaints and his tooth abscess. Dentists know that "a patient who has reported an abscess . . . needs prompt medical treatment" because if the report is correct, the tooth will "get worse the longer treatment [is] delayed" and the patient will "suffer acutely until the abscess [is] treated." *Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 940–41 (7th Cir. 2015). "A dentist demonstrates deliberate indifference by failing to treat the patient promptly, thus prolonging the patient's pain, while knowing that the patient may well be in serious pain that is treatable." *Id.* at 940. Bentz testified at the *Pavey*

hearing that Dr. Stelfox responded to his complaint of an abscessed tooth and swelling of the jaw by pronouncing—without any examination—that nothing was wrong with Bentz's teeth. Bentz called into question this pronouncement by introducing a health-transfer summary from 2009 in which a dentist at Graham marked three of his teeth as "treatment needed–completed restorations." After Dr. Stelfox's pronouncement, according to statements Bentz made in his emergency grievance, he experienced severe pain for weeks, especially when he ate and drank.

Next Bentz generally challenges the entry of summary judgment to Dr. Tilden on exhaustion grounds and insists that Judge Rosenstengel should have believed his testimony that he filed a grievance about Dr. Tilden's dental care and received no response. But Bentz does not meaningfully challenge the district judge's decision to accept the magistrate judge's finding that his testimony was not credible. *See* FED. R. APP. P. 28(a)(9)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

Bentz also asserts that the entry of summary judgment for dental assistant Luce was erroneous because he presented evidence that she was aware of his tooth pain and need for care but never ensured that he received treatment. The district judge correctly concluded, however, that no jury could reasonably find that Luce's actions constituted deliberate indifference. Bentz has not disputed Luce's statement in her affidavit that her duties were limited to scheduling appointments and assisting the dentist, and the constitution does not compel Luce to do the dentist's job of treating Bentz. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Bentz contests the entry of summary judgment to Menard's warden, but he does not articulate a basis for disturbing the district judge's ruling that he failed to exhaust his administrative remedies against the warden. *See* FED. R. APP. P. 28(a)(9)(A); *Anderson*, 241 F.3d at 545.

Bentz next challenges the dismissal at screening of his deliberate-indifference claims against the nonmedical defendants. He contends that his alleged statements to them about his chronic pain and swelling supported an inference that they knew his pain was serious.

The district court properly dismissed most of these claims (i.e., complaints of chronic tooth pain that could be minor), but Bentz stated a plausible claim against correctional officers Sadler and Lair. A prisoner states an Eighth Amendment claim against nonmedical prison officials if he alleges that they recklessly disregarded a substantial risk of serious pain to the prisoner. *See Gomez v. Randle*, 680 F.3d 859, 865–66

(7th Cir. 2012). Bentz's allegations regarding Sadler and Lair support an inference that they understood his tooth pain to be serious. Sadler allegedly responded to Bentz's report of an abscessed tooth by saying that "he knew how serious a[n] abscessed tooth can be" based on his "personal knowledge and/or experience" but did nothing other than comment that Bentz's "abscessed tooth looked very serious." Similarly, Lair allegedly responded to Bentz's request for pain relief and difficulties swallowing by saying, "I am not going to do anything for you."

Bentz next challenges the dismissal of his state-law negligence claims, asserting generally that his claims must be reinstated against the medical defendants and specifically that his negligence claim must be reinstated against Saddler and Lair because they are not entitled to sovereign immunity. We agree with only his latter argument. In dismissing the negligence claims against these two, the district judge relied only on the Illinois doctrine of sovereign immunity, but that doctrine will not apply to state-law claims against state officials who allegedly violate statutory or constitutional law. *See Murphy v. Smith*, 844 F.3d 653, 660 (7th Cir. 2016) (citing *Leetaru v. Bd. of Trs. of Univ. of Ill.*, 32 N.E.3d 583 (Ill. 2015)), *cert. granted*, No. 16-1067 (Aug. 25, 2017). In his appellate brief, Bentz has not developed an argument that the negligence claims against Dr. Ghosh and Dr. Stelfox were erroneously dismissed. *See* FED. R. APP. P. 28(a); *Anderson*, 241 F.3d at 545.

Bentz generally challenges the dismissal of his conspiracy claim, but he failed to allege any plausible agreement among the defendants to deprive him of rights. *See* FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Bentz next generally contests the dismissal of the unidentified defendants (medical staff at the three prisons). The judge did not abuse her discretion, however, because a dismissal under Rule 41(b) is proper when, as here, there is a clear record of delay. *See Lewis v. Sch. Dist. # 70*, 648 F.3d 484, 488 (7th Cir. 2011). Bentz twice missed the deadline for identifying these defendants, first by four months then by one month, and his justification for a third extension—confiscation of his legal papers—was soundly rejected by the judge on the ground that Bentz did not explain how he needed those lost papers to identify the defendants.

Lastly, Bentz challenges the denial of his motion for a preliminary injunction ordering Menard's warden to address his pain, and he maintains that the district judge, by concluding that he offered no evidence of irreparable harm, overlooked testimony that he would experience tooth pain if prison staff continued to deny him treatment. Irreparable harm means an injury that money cannot repair. *See D.U. v. Rhoades*,

825 F.3d 331, 339 (7th Cir. 2016). The judge's denial of injunctive relief rests on an incorrect conclusion that the staff's refusal to treat Bentz's intermittent tooth pain, which affected his ability to eat and swallow, was not evidence of irreparable harm. An official's refusal to treat pain that affects a prisoner's daily living may be irreparable harm, *see Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 682 (7th Cir. 2012), and pain may be irreparable harm though it is episodic and treated without prescription drugs, *see Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996) (affirming a preliminary injunction requiring prison officials to release a prisoner from prolonged confinement in his cell; prisoner established irreparable harm by presenting evidence that confinement caused his headaches, a skin condition, and back pain on several occasions). The warden of Bentz's place of confinement must be reinstated for further proceedings on Bentz's motion for a preliminary injunction. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

We VACATE the entry of summary judgment on the Eighth Amendment claims against Dr. Ghosh and Dr. Stelfox and the orders dismissing the Eighth Amendment and negligence claims against Sadler and Lair. We also VACATE the denial of Bentz's initial request for a preliminary injunction. We AFFIRM the judgment with respect to the conspiracy claim against all defendants and the claims against Dr. Tilden, Luce, Berner, Bishop, Bledsoe, Evielsizer, Franklin, Hosselton, Tourville, Wooldridge, and the unidentified defendants. The case is REMANDED for further proceedings.