# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1608

_____

Robert William Avery

*Plaintiff - Appellant*

v.

Turn Key Health Clinics, LLC, Changed from Turn Key Medical on 7/11/2018

*Defendant - Appellee*

John and Jane Doe, Employees of Turn Key Medical; Trinity Services Group, Inc.;
John and Jane Doe, Employees of Trinity Food Service

*Defendant*s

Sheriff Holloway; Captain Guyll, Jail Commander; Lieutenant Holt

*Defendants - Appellees*

John and Jane Doe, Employees of the Benton County Detention Center; Smart
Communications Holding, Inc., name revised from Smart Jail Mail.com per Text
Only Order dated 10/15/18, doing business as SmartJailMail.com; Keefe
Commissary Network, LLC; John and Jane Doe, Keefe Commissary

*Defendant*s

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: December 23, 2020
Filed: January 12, 2021
[Unpublished]
_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Robert Avery, an Arkansas inmate formerly housed at the Benton County Detention Center, appeals the district court's[1] adverse grant of summary judgment in his pro se 42 U.S.C. § 1983 action. Following a careful review, we conclude that the district court did not err in granting summary judgment for defendants. See Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006) (grant of summary judgment is reviewed de novo). Accordingly, we affirm. See 8th Cir. R. 47B.

KELLY, Circuit Judge, concurring in part and dissenting in part.

Robert Avery appeals from the district court's grant of summary judgment on his § 1983 claims, arguing that the defendants violated his constitutional rights by denying him adequate dental care and subjecting him to overcrowded and unsanitary conditions of confinement. Although I agree that the defendants are entitled to summary judgment on Avery's conditions of confinement claim, I believe there is a genuine issue of material fact as to whether they were deliberately indifferent to Avery's serious dental needs. I respectfully dissent from the court's conclusion to the contrary.

---

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

Avery was first incarcerated at the Benton County Detention Center (BCDC) on March 12, 2018. Upon his arrival, Avery told prison staff that he suffered from tooth pain, and a note was made on his medical questionnaire intake form that he had an "abscess mouth."[2] On March 23, a BCDC nurse assessed Avery's mouth and noted visual evidence of tooth decay, redness, swelling, and pus surrounding the affected tooth, and that the tooth was positive to percussion tests. Avery was added to a dental call list, placed on a soft diet, and prescribed antibiotics and anti-inflammatory medication. He was also informed that Turn Key Health Clinics, LLC (Turn Key), the contract medical provider for BCDC, did not have a dentist on staff but was attempting to hire one.

Over the next five months, until he was transferred to the Arkansas Department of Corrections (ADC) on August 29, 2018, Avery repeatedly advised BCDC officers and Turn Key medical personnel that the medication prescribed to him was ineffective in treating his tooth abscess. He was prescribed different antibiotics and anti-inflammatory medication, but he never was sent to a dentist for treatment. Avery maintains that each successive course of medication was ineffective and that he continued to suffer from severe tooth pain, which resulted in a significant weight loss because he had difficulty eating. Approximately one week after Avery arrived at ADC, prison healthcare providers there pulled the affected tooth. Avery asserts that through their inaction, and as a result of the customs and policies in place at BCDC at the time, the defendants failed to provide adequate medical care for his tooth pain,

_____

[2]"A tooth abscess is not a simple toothache. It is a bacterial infection of the root of the tooth, and it can spread to the adjacent gum and beyond—way beyond." Dobbey v. Mitchell-Lawshea, 806 F.3d 938, 940 (7th Cir. 2015). See generally Tooth Abscess, MayoClinic, https://www.mayoclinic.org/diseases-conditions/tooth-abscess/symptoms-causes/syc-20350901 (last accessed Dec. 23, 2020) (describing a tooth abscess as a "pocket of pus" caused by a bacterial infection). Dentists may treat a tooth abscess by "draining it and getting rid of the infection," root canal treatment, or by pulling the tooth. See id. "Leaving a tooth abscess untreated can lead to serious, even life-threatening, complications." Id.

in violation of his Eighth and Fourteenth Amendment rights. See Estelle v. Gamble, 429 U.S. 97, 104 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." (internal quotation omitted)).

We review the district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party. Holden v. Hirner, 663 F.3d 336, 340 (8th Cir. 2011). We affirm the grant of summary judgment if the moving party has shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prove his claim of deliberate indifference, Avery must show "(1) he suffered from an objectively serious medical need, and (2) defendants knew of the need yet deliberately disregarded it." Johnson v. Leonard, 929 F.3d 569, 575 (8th Cir. 2019) (quoting Hartsfield v. Colburn, 371 F.3d 454, 457 (8th Cir. 2004)).

Avery, who showed symptoms of a tooth abscess, including visible signs of tooth decay and infection, redness and swelling of the gums, and pus surrounding the affected tooth, suffered from a serious medical need. "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Holden, 663 F.3d at 342 (quoting Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997)). It is well-settled that a dental condition like the one Avery exhibited constitutes "a need for medical attention that would have been obvious to a layperson." Hartsfield, 371 F.3d at 457 (finding that plaintiff, who "presented evidence that he suffered extreme pain from loose and infected teeth, which caused blood to seep from his gums, swelling, and difficulty sleeping and eating," suffered from an objectively serious medical need); see Boyd v. Knox, 47 F.3d 966, 969 (8th Cir. 1995) (finding serious medical need where plaintiff exhibited an impacted and infected wisdom tooth that regularly oozed pus and caused facial swelling); Fields v.

Gander, 734 F.2d 1313, 1315 (8th Cir. 1984) (finding serious medical need where plaintiff suffered from "a severely infected tooth causing extreme pain").

Looking to the second element, I believe there is a genuine issue of material fact as to whether the defendants deliberately disregarded Avery's serious medical need. A prison official shows deliberate indifference by actually "'know[ing] of and disregard[ing]' a prisoner's serious medical needs." Boyd, 47 F.3d at 968 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)); see also Holden, 663 F.3d at 343 ("The level of culpability required to demonstrate deliberate indifference on the part of prison officials is equal to criminal recklessness."). "Grossly incompetent or inadequate care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment." Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990) (internal citations omitted). "Medical care so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care" violates the Eighth Amendment. Id.

The record demonstrates that Avery persistently, over the course of five months, informed BCDC officials and Turn Key personnel that the medications prescribed to him were ineffective in treating his tooth abscess and that he continued to suffer significant pain. Despite his complaints, the defendants failed to provide Avery with adequate dental care, opting instead to continue prescribing antibiotics and anti-inflammatory medication that had no alleviating effect. Although this constituted some medical care, the record evidence—including the fact that Avery's tooth was removed almost immediately once he was transferred to ADC—strongly suggests it was inadequate. See id. (noting grossly inadequate care can constitute deliberate indifference). Based on the above, I believe there is a genuine issue of material fact as to whether the defendants deliberately disregarded Avery's serious medical need by denying him adequate dental care and that he is entitled to prove his

claim.[3]  See Fields, 734 F.2d at 1315 (reversing summary judgment where prison officer delayed providing dental care for three weeks, even though he knew of plaintiff's tooth pain); Moore v. Jackson, 123 F.3d 1082, 1086–88 (8th Cir. 1997) (per curiam) (reversing summary judgment where prison dentist, prison administrator, and third-party medical services provider delayed providing dental care for eight months, despite plaintiff's numerous written complaints); see also Jenkins, 919 F.2d at 93 (reversing summary judgment so plaintiff could establish prison doctor's course of psychiatric treatment "so deviated from professional standards that it amounted to deliberate indifference").

I would reverse and remand to the district court for further proceedings on Avery's dental care claim.

_____

[3]It is of no moment that BCDC contracted out its medical services to Turn Key, who struggled to hire a staff dentist during the relevant time period.  "Where a prisoner needs medical treatment prison officials are under a constitutional duty to see that it is furnished."  Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010) (quoting Crooks v. Nix, 872 F.2d 800, 804 (8th Cir. 1989)).  "It follows that 'where the duty to furnish treatment is unfulfilled, the mere contracting of services with an independent contractor does not immunize the State from liability for damages in failing to provide a prisoner with the opportunity for such treatment.'"  Id. (quoting Crooks, 872 F.2d at 804).