# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 10-3656

———————

William Douglas Holden,     *
    *
        Appellant,     *
    *
    *    Appeal from the United States
     v.     *    District Court for the Eastern
    *    District of Missouri.
Linda Hirner, Officially and     *
Individually; David Lawson, Marion     *
County Jail/Custody Officer, Officially    *
and Individually; Barb Powell, Marion     *
County Jail/Custody Officer, Officially    *
and Individually; Brian Young, Marion     *
County Jail/Custody Officer, Officially    *
and Individually; Carla Lawson, Marion *
County Jail/Custody Officer, Officially    *
and Individually,     *
    *
        Appellees.     *

———————

Submitted: September 20, 2011
Filed:  December 2, 2011

———————

Before RILEY, Chief Judge, COLLOTON and GRUENDER, Circuit Judges.

———————

RILEY, Chief Judge.

William Holden (Holden), a pretrial detainee, was assaulted by three other inmates while he awaited trial. Holden appeals the district court's[1] adverse grant of summary judgment on Holden's 42 U.S.C. § 1983 claim against several prison officials. Holden contends the district court failed to recognize genuine disputes of material fact regarding (1) the substantial risk of harm he faced while in custody, and (2) the adequacy of medical attention he received after the assault. We affirm.

## I.    BACKGROUND
### A.    Facts[2]

On August 23, 2007, Holden, a convicted sex offender, was arrested for failure to report a change of address and was placed in the custody of Marion County Jail. Holden was held in the protective custody pod. This pod provides protection for inmates who face a greater likelihood of being assaulted by other inmates. The pod is closer to the jail control room and has a glass front, allowing prison personnel to observe the inmates better. With Holden in the pod were three other inmates, Adrian Jones, Nathan Brown, and Steve Kelso.

On October 15, 2007, a fight erupted between Holden and his cellmates. Approximately one minute after the fight began, Brian Young, a Marion County Jail employee, stopped the fight. Young provided Holden with clean clothes and examined Holden for injuries. Young's inspection disclosed minor swelling of Holden's leg, some bruising, and a small cut and minor abrasion on Holden's lip.

---

[1]The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri, presiding by consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

[2]We recite the facts in the light most favorable to Holden, the party opposing summary judgment. See Marksmeier v. Davie, 622 F.3d 896, 899 (8th Cir. 2010).

There was no significant bleeding, none of Holden's injuries required stitches, and Holden was never unconscious. Holden's gums were not bleeding, and he did not have a loose tooth. Holden walked without any noticeable difficulty. For the remainder of Holden's time at Marion County Jail, Holden did not share a cell with Jones, Brown, or Kelso.

A few hours after the fight, Holden reported increased pain, locking up and cramping of his neck and shoulders, lower back pain, a loose tooth, dizziness and lightheadedness, and swelling and discoloration on several areas of his body. Prison officials offered Holden an ice pack, instructed him to elevate his leg, and gave him ibuprofen. Holden refused to use the ice pack.

The following day, October 16, Peggy Porter, a licensed practical nurse employed by Marion County Jail, received a Sick Call Request Form from Holden, complaining of pain. Holden described pain shooting through his lower back and inner right leg up to his groin. Nurse Porter evaluated Holden's vital signs, head, ears, nose, throat, lungs, heart and musculoskeletal system—all normal. Nurse Porter suggested Holden use an ice pack, rest his right leg and back, and take ibuprofen for five days.

On October 21 and 23, Holden again complained of pain. On October 24, Nurse Porter again examined Holden and discovered a right knee contusion and sprain. Nurse Porter prescribed ibuprofen for seven days and recommended Holden refrain from activities that would strain his knee. Over the following months, Holden made multiple complaints of pain, received medical attention, and was observed walking and eating without difficulty.

Holden also complained repeatedly of pain in his lower front tooth and on October 23, 2007, sought dental treatment. Holden presented additional Sick Call Request Forms for dental treatment on October 28 and November 4. Nurse Porter

informed Holden the Marion County Jail did not have a dentist and could only treat the symptoms of a toothache. Holden has not adduced any evidence he complained of tooth pain again while incarcerated at Marion County Jail.

On April 29, 2008, Holden was transferred to the custody of the Missouri Department of Corrections. On June 20, 2008, Holden was given the opportunity to have a dentist extract his tooth. Holden refused. Holden eventually consented to the extraction on October 13, 2008.

On December 23, 2008, Holden filed a complaint pursuant to 42 U.S.C. § 1983, against Linda Hirner, David Lawson, Barb Powell, Brian Young, and Carla Lawson, all Marion County Jail custody officers (collectively, prison officials), in their individual and official capacities. Holden alleged the prison officials violated his civil rights.

### B. Proceedings

The prison officials moved for summary judgment. The motion was fully briefed and argued before the district court. On September 7, 2010, the district court granted the prison officials' motion for summary judgment. First, the district court found Holden was not held under conditions posing a substantial risk to his safety while in the protective custody pod, and the prison officials (1) did not know of any threat to Holden, (2) did not know Holden had a serious medical need, (3) were entitled to rely on the opinions of medical professionals, and (4) were entitled to qualified immunity. This appeal followed.

## II. DISCUSSION

### A. Standard of Review

We review the district court's grant of summary judgment de novo, viewing the record in favor of the non-moving party. See Marksmeier, 622 F.3d at 899. "The court shall grant summary judgment if the movant shows that there is no genuine

-4-

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party has made and supported their motion, the nonmoving party must proffer admissible evidence demonstrating a genuine dispute as to a material fact. See Krein v. DBA Corp., 327 F.3d 723, 726 (8th Cir. 2003).

### B.     Failure to Protect

Holden contends the district court erred in dismissing his § 1983 claim because there are genuine issues of material fact regarding whether the prison officials failed to protect Holden. Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. See Farmer v. Brennan, 511 U.S. 825, 833 (1994). Pretrial detainee § 1983 claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment prohibition of cruel and unusual punishment. See Kahle v. Leonard, 477 F.3d 544, 550 (8th Cir. 2007) (stating "[t]his makes little difference as a practical matter, though: Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment.").

To establish prison officials failed to prevent harm, Holden first must prove he was "incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834. This is an objective requirement to ensure the deprivation is a violation of a constitutional right. See Jensen v. Clarke, 94 F.3d 1191, 1197 (8th Cir. 1996). Second, Holden must establish the prison officials were deliberately indifferent to inmate health or safety.[3] See Farmer, 511 U.S. at 834. This is a

---

[3]Holden admits the Eighth Circuit has not "establish[ed] a clear standard for pretrial detainees," and "repeatedly [has] applied the deliberate indifference standard as is applied to Eighth Amendment claims made by convicted inmates." See Morris v. Zefferi, 601 F.3d 805, 809 (8th Cir. 2010) (quoting Vaughn v. Greene Cnty., Ark., 438 F.3d 845, 850 (8th Cir. 2006) (internal quotation marks omitted)).

subjective requirement, mandating the prisoner prove the official both knew of and disregarded "an excessive risk to inmate health or safety."  Id. at 837.

Holden argues he was placed in risk of substantial harm because he was a sex offender and because he was held in the protective custody pod with Jones, who was involved in a fight with another detainee four days before Holden's altercation. Holden contends the prison officials were deliberately indifferent to his safety because the officials failed to take precautions to protect him despite being aware of the danger sex offenders face in the prison population and the risk Jones posed to Holden.  We disagree.

Holden was not placed in the general prison population, but was held in the protective custody pod, designed to provide greater supervision and security for inmates more likely to be assaulted.  Holden claims Jones' previous victim was a sex offender, but fails to show anything in the record to establish this other inmate was a sex offender or Jones suspected the other inmate was a sex offender.

Even if we assume for summary judgment purposes Holden presented sufficient evidence that he faced a substantial risk of serious harm, Holden fails to establish the prison officials knew of and were deliberately indifferent to the danger. "'[D]eliberate indifference includes something more than negligence but less than actual intent to harm;' it requires proof of a reckless disregard of the known risk." Jackson v. Everett, 140 F.3d 1149, 1152 (8th Cir. 1998) (quoting Newman v. Holmes, 122 F.3d 650, 653 (8th Cir. 1997)).

Holden was imprisoned in the protective custody pod, which offered greater supervision and protection for vulnerable detainees.  There is no evidence that, before the assault, Jones, Brown, or Kelso had in any way threatened Holden.  Holden had not told any of the prison officials he felt threatened.  An inmate's history of violence alone is insufficient to impute to prison officials subjective knowledge of the inmate's

danger to harm other inmates. See Norman v. Schuetzle, 585 F.3d 1097, 1104-06 (8th Cir. 2009). Courts "must give substantial deference to prison officials to determine the best methods for dealing with dangerous inmates in the volatile environment that is prison life." Id. at 1105. Holden presented no evidence any of the prison officials were actually aware of this prior incident involving Jones or had any knowledge as to the reason for the altercation. Holden offered no evidence the prison officials had any knowledge of any specific danger posed to Holden by Jones in the protective custody pod. We determine the evidence presented is insufficient to show the prison officials knew of and disregarded a known risk.

## C.    Adequate Medical Treatment

Holden asserts the prison officials failed to provide adequate medical treatment for his tooth pain. "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." McRaven v. Sanders, 577 F.3d 974, 979 (8th Cir. 2009) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This indifference extends to "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id.

To show the prison officials failed to provide adequate medical treatment, Holden must prove "(1) he suffered from an objectively serious medical need, and (2) defendants knew of the need yet deliberately disregarded it." Hartsfield v. Colburn, 371 F.3d 454, 457 (8th Cir. 2004). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997). A prisoner alleging a delay in treatment  must present verifying medical evidence that the prison officials "ignored an acute or escalating situation or that [these] delays adversely affected his prognosis." See Reece v. Groose, 60 F.3d 487, 491 (8th Cir. 1995) (quoting Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995), abrogated on other grounds

by Johnson v. Jones, 515 U.S. 304 (1995), as recognized in Reece, 60 F.3d at 492 (internal quotation marks omitted)).

Holden contends his tooth pain was a serious medical need. In support of this contention Holden cites several of our previous holdings where we found obvious and serious dental problems constituted a serious medical need. See McAlphin v. Toney, 281 F.3d 709, 711 (8th Cir. 2002) (holding a plaintiff who claimed five prior delayed tooth extractions with two more extractions necessary and still delayed, and a spreading mouth infection, demonstrated a sufficient allegation of imminent danger of physical injury under 28 U.S.C. § 1915(g)); Hartsfield, 371 F.3d at 457 (concluding a plaintiff who had severe pain "from loose and infected teeth, which caused blood to seep from his gums, swelling, and difficulty sleeping and eating" had alleged an objectively serious medical need for dental care in an Eighth Amendment § 1983 action); Boyd v. Knox, 47 F.3d 966, 969 (8th Cir. 1995) (deciding a "three-week delay in dental care, coupled with knowledge of the inmate-patient's suffering, can support a finding of an Eighth Amendment violation under section 1983").

Holden's cases actually illustrate why his tooth pain did not constitute a serious medical need. In each of these cases the inmate either showed outward signs of injury, such as bleeding and swelling, that a layperson would recognize or established a medical professional diagnosed the dental pain as requiring treatment. In contrast, there is no evidence Holden's tooth pain was as severe or obvious as in the cited cases. Nurse Porter evaluated Holden's teeth and gums on multiple occasions and never noted bleeding, swelling, infection or other visible symptoms of tooth pain, nor did she determine Holden's tooth pain required treatment. Holden was observed eating without difficulty. Holden also offered no evidence any delay in treatment negatively impacted his prognosis.

If we assume Holden's dental pain was a serious medical need, Holden must also offer evidence to show the prison officials knew about and disregarded his

serious dental care need.  The level of culpability required to demonstrate deliberate indifference on the part of prison officials is equal to criminal recklessness.  See Jenkins v. Cnty. of Hennepin, 557 F.3d 628, 632 (8th Cir. 2009).  For the prison officials to be liable for deliberate indifference to a serious dental need, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.

In support of Holden's claim the prison officials were aware of and disregarded his tooth pain, Holden identifies his Sick Call Request Forms, which the prison officials delivered to Nurse Porter.  These forms alone are insufficient to establish the prison officials were aware of Holden's dental need.  Prison officials lacking medical expertise are entitled to rely on the opinions of medical staff regarding inmate diagnosis and the decision of whether to refer the inmate to outside doctors or dentists. See Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995).  The prison officials did not sign or in any way acknowledge the contents of the Sick Call Request Forms, and simply delivered them to Nurse Porter upon Holden's request.  The prison officials lacked both medical and dental expertise and were entitled to rely upon Nurse Porter's medical opinion.  Holden's later refusal to have his tooth extracted undermines his claim of deliberate indifference.  See Logan v. Clarke, 119 F.3d 647, 649-50 (8th Cir. 1997).

The prison officials fulfilled their duties in delivering Holden's requests to the medical staff of the jail, and delivery of the requests alone is insufficient to establish subjective knowledge of, let alone deliberate indifference to, a serious dental need. We conclude Holden failed to proffer evidence the prison officials provided constitutionally inadequate medical treatment.

Because we conclude Holden failed to demonstrate the deprivation of a constitutional right, we do not discuss further the prison officials' claim of qualified immunity.

## III.   CONCLUSION

We affirm.

_____