# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-2764

_____

Steven Donnelle Cody

*Plaintiff - Appellant*

v.

Ms. Jacueline Newburn, Jail Administrator, Clark County Detention Center; Tim Patterson, Chief Deputy, Clark County Detention Center; Rick Loy, Interim Jail Administrator, Clark County Detention Center; David Turner, Sheriff, Clark County; Raymond Moore, Jailer

*Defendants - Appellees*

------------------------------

Steven D. Cody

*Plaintiff - Appellant*

v.

Jacueline Newborn, Jail Administrator, Clark County Detention Center; Tim Patterson, Chief Deputy, Clark County Detention Center; Rick Loy, Jail Administrator, Clark County Detention Center; David Turner, Sheriff, Clark County; Officer Moore

*Defendants - Appellees*

------------------------------

Steven Cody

*Plaintiff - Appellant*

v.

Rick Loy, Jail Administrator; Ray Winsfield, Chief Deputy

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs
_____

Submitted: April 11, 2013
Filed: April 16, 2013
[Unpublished]
_____

Before WOLLMAN, BOWMAN, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Inmate Steven Donnelle Cody appeals from the order of the District Court,[1] entered after an evidentiary hearing, dismissing his consolidated 42 U.S.C. § 1983 actions. Upon careful consideration of Cody's arguments for reversal, we conclude that the District Court properly entered judgment for the defendants based on the hearing evidence. See Holden v. Hirner, 663 F.3d 336, 340–42 (8th Cir. 2011)

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, adopting the report and recommendation of the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

(discussing a pretrial detainee's failure-to-protect claim); <u>Story v. Norwood</u>, 659 F.3d 680, 684–85 (8th Cir. 2011) (reviewing for clear error a district court's findings of fact made following an evidentiary hearing, which is the equivalent of a bench trial, and noting that credibility findings are virtually unreviewable on appeal); <u>Crow v. Montgomery</u>, 403 F.3d 598, 601–02 (8th Cir. 2005) (explaining that a pretrial detainee's conditions-of-confinement claims are analyzed under the same deliberate-indifference standard as those brought by convicted prisoners: the detainee must show that conditions posed a substantial risk of serious harm to his health or safety and that defendants knew of but were deliberately indifferent to this risk).

The judgment of the District Court is affirmed, and Cody's pending motion is denied.

_____