# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-2061

———————————————

Jason Edward Johnson

*Plaintiff - Appellant*

v.

Frank Filippelli

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

——————————

Submitted: September 24, 2015
Filed: December 7, 2015
[Unpublished]

——————————

Before LOKEN, BEAM, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Jason Johnson, a former inmate at the Newton Correctional Facility, appeals the district court's[1] adverse grant of summary judgment in this 42 U.S.C. § 1983

———————————

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

action against his attending physician, Dr. Frank Filippelli. Johnson claims the doctor was deliberately indifferent to his serious medical needs.

The crux of Johnson's suit against Dr. Filippelli focuses on an alleged twenty-nine day delay in treatment dating from the time Dr. Filippelli first reviewed Johnson's x-rays that revealed a fractured wrist and immediately referred Johnson to the University of Iowa Hospitals and Clinics (UIHC) for further care (August 18, 2011), and the day UIHC later placed Johnson in a cast for the injury (September 16, 2011). Upon de novo review, we conclude that the summary judgment record clearly established beyond genuine dispute that Dr. Filippelli did not deliberately disregard Johnson's serious medical needs. We therefore find that summary judgment was properly granted in Dr. Filippelli's favor. See Marksmeier v. Davie, 622 F.3d 896, 899 (8th Cir. 2010) (grant of summary judgment reviewed de novo); Holden v. Hirner, 663 F.3d 336, 343 (8th Cir. 2011) ("The level of culpability required to demonstrate deliberate indifference on the part of prison officials is equal to criminal recklessness."). Importantly, as noted by the district court in its thorough and well-reasoned opinion, Johnson presents insufficient, if any, verifying medical evidence showing that the delay had detrimental effect. Moots v. Lombardi, 453 F.3d 1020, 1023 (8th Cir. 2006) (to prevail on Eighth Amendment claim for deprivation of medical care, inmate complaining of delay in treatment must offer verifying medical evidence showing that delay had detrimental effect).

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.

_____