# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1939

_____

Alan Lewis Doering

*Plaintiff - Appellant*

v.

Wendy Kelley, Director, Arkansas Department of Correction; Rory Griffin,
Deputy Director, Arkansas Department of Correction; Correct Care Solutions,
Health Care Provider; Jason Kelley, Health Services Administrator, Varner Unit,
ADC; Ronald Stukey, Doctor (originally named as Stuckey); Denise Powell,
Infirmary Manager (originally named as Powell); Heather Allen, Varner Unit, ADC

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: February 1, 2019
Filed: March 11, 2019
[Unpublished]

_____

Before LOKEN, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Alan Lewis Doering appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action, in which he claimed deliberate indifference to his serious medical needs. Viewing the record in a light most favorable to Doering, see A.H. v. St. Louis Cty., Mo., 891 F.3d 721, 727 (8th Cir. 2018) (de novo review), we find that the grant of summary judgment was warranted, see A.H., 891 F.3d at 726 (deliberate indifference is similar to criminal recklessness, and more than mere negligence); Luckert v. Dodge Cty., 684 F.3d 808, 817 (8th Cir. 2012) (discussing supervisory liability under § 1983); Holden v. Hirner, 663 F.3d 336, 343 (8th Cir. 2011) (prison officials who lack medical expertise are entitled to rely on opinions of medical staff). To the extent Doering is appealing the district court's denial of his motions for counsel and a medical expert, we find no error, as he did not renew these premature motions when defendants moved for summary judgment--as the district court had invited him to do--and instead waited until objecting to the magistrate's report before reasserting his need for counsel and an expert. Accordingly, we affirm the judgment, see 8th Cir. R. 47B; and we also deny Doering's pending motion.

KELLY, Circuit Judge, dissenting in part.

I would reverse the district court's decision regarding Doering's claim arising from the denial of Hepatitis C medication. Doering requested counsel and an expert to assist him with this claim at the outset of the case and again in response to the magistrate judge's report and recommendation. Although his second request was admittedly belated, the district court had sufficient time to consider the motion on the merits but concluded that counsel was unnecessary because the case is insufficiently complex. Yet the district court denied Doering counsel while simultaneously

---

[1] The Honorable D.P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas.

granting summary judgment in favor of the defendants due to Doering's failure to rebut the medical evidence on the adequacy of his current Hepatitis C treatment—a task which, in my view, required the assistance of counsel and a medical expert. See Rayes v. Johnson, 969 F.2d 700, 702–03 (8th Cir. 1992). We have recently acknowledged that similar Eighth Amendment claims are not frivolous, see Postawko v. Mo. Dep't of Corr., 910 F.3d 1030 (8th Cir. 2018), and Doering needed counsel to develop the factual record properly. I otherwise concur in the judgment.

_____