# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2925

_____

Nancy Ann Sims

*Plaintiff - Appellant*

v.

Nikita Brown, Deputy, Individually and in Official Capacity as a Faulkner County Sheriff Deputy; Teresa Coleman, Deputy, Individually and in her Official Capacity as a Faulkner County Sheriff Deputy; Thomas Saxton, Sergeant, Individually and in his Official Capacity as a Faulkner County Sheriff Sergeant; Bobbie Spivey, Corporal, Individually and in his Official Capacity as a Faulkner County Sheriff Corporal; Alexander, Deputy, Individually and in his Official Capacity as a Faulkner County Sheriff Deputy; Leslie Moore, Deputy, Individually and in Official Capacity as a Faulkner County Sheriff Deputy; Anita Wright, Deputy, Individually and in her Official Capacity as a Faulkner County Sheriff Deputy; Brandon Gurley, Deputy, Individually and in his Official Capacity as a Faulkner County Sheriff Deputy; Kerra Adkins, Deputy, Individually and in her Official Capacity as a Faulkner County Sheriff Deputy; Edward Travis, Corporal, Individually and in his Official Capacity as a Faulkner County Sheriff Deputy; Monte Munyan, Individually and in his Capacity as a Nurse for the Faulkner County Detention Center; Tim Ryals, Individually and in his Official Capacity as Sheriff of Faulkner County; Faulkner County, Arkansas; John and Jane Does, 1-10

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: June 4, 2021
Filed: July 8, 2021
[Unpublished]
_____

Before LOKEN, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Nancy Sims appeals the district court's[1] adverse grant of summary judgment in her action under 42 U.S.C. § 1983 and the Arkansas Civil Rights Act (ACRA), Ark. Code Ann. § 16-123-101 et seq. Upon careful de novo review, see Holden v. Hirner, 663 F.3d 336, 340 (8th Cir. 2011) (standard of review), we affirm. We agree with the district court that Sims did not establish that defendants were deliberately indifferent in failing to protect her from assault by a fellow pretrial detainee, or in providing her medical care after the assault. See Barton v. Taber, 908 F.3d 1119, 1124, 1126 (8th Cir. 2018) (pretrial detainee must show that he suffered from objectively serious medical need, and that defendant actually knew of that need but deliberately disregarded it; federal deliberate-indifference standard applies to ACRA claims brought by pretrial detainees); Schoelch v. Mitchell, 625 F.3d 1041, 1048 (8th Cir. 2010) (evidence showed that fellow detainee's attack on plaintiff was surprise, and failed to establish constitutional violation for failure to protect).

The judgment is affirmed. See 8th Cir. R. 47B.

_____

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.