# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2357

_____

Franklin Ashley

*Plaintiff - Appellant*

v.

William McKinney, Doctor, Individual and Official Capacity; Diana Larkin, R.N., Individual and Official Capacity; Connie James, R.N., Individual and Official Capacity; Loraine Coleman, Nurse, Individual and Official Capacity

*Defendant*s

Stephen Vossick, Nurse, Individual and Official Capacity; Sarah Skaggs, Nurse, Individual and Official Capacity; Cindy Griffith, Former Warden, Individual and Official Capacity

*Defendants - Appellees*

E. Jackson, Director Dental Service, Individual and Official Capacity; J. Cofield, Director Operations, Individual and Official Capacity; T. Bredeman, Medical Director, Individual and Official Capacity

*Defendant*s
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: November 24, 2021
Filed: November 30, 2021
[Unpublished]
_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Franklin Ashley appeals following the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action, in which he alleged that Nurse Sarah Skaggs, Nurse Stephen Vossick, and former warden Cindy Griffith delayed and/or denied adequate medical treatment in violation of the Eighth Amendment. We conclude that the grant of summary judgment was proper, see Cockram v. Genesco, Inc., 680 F.3d 1046, 1051 (8th Cir. 2012) (de novo review of grant of summary judgment), as the record showed that neither Skaggs nor Vossick was deliberately indifferent to Ashley's medical needs, see Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997) (summary judgment for prison officials was appropriate where medical records revealed defendants responded to and provided treatment for plaintiff's medical needs), and Ashley failed to show that Griffith was personally involved in his medical treatment, see Holden v. Hirner, 663 F.3d 336, 343 (8th Cir. 2011) (prison officials lacking medical expertise are entitled to rely on opinions of medical staff); Grayson v. Ross, 454 F.3d 802, 811 (8th Cir. 2006) (supervisor is not vicariously liable under § 1983 for employee's actions).

We also conclude that the court did not err in denying Ashley's motion for appointment of expert witnesses, see United States v. Juhic, 954 F.3d 1084, 1087 (8th Cir. 2020) (appellate court reviews district court's decision not to appoint expert witness for abuse of discretion); his motions to compel and requests for a continuance, see Jackson v. Riebold, 815 F.3d 1114, 1121 (8th Cir. 2016) (district court has wide discretion in ruling on motion for continuance; party must identify specific facts or evidence that would enable him to rebut summary judgment motion);

_____

[1]The Honorable Matthew T. Schelp, United States District Judge for the Eastern District of Missouri.

Butler v. Fletcher, 465 F.3d 340, 346 (8th Cir. 2006) (no abuse of discretion when information sought in motion to compel could not have overcome undisputed evidence); or his motions for appointment of counsel, see Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (appellate court reviews district court's denial of request for appointment of counsel for abuse of discretion).

Accordingly, we affirm, see 8th Cir. R. 47B, and we deny Ashley's motion for appellate counsel as moot.

_____